**Alf REINERTSEN, Plaintiff,**

v.

**GEORGE W. ROGERS CONSTRUCTION CORP., Defendant.**

No. 67 Civ. 1996.

United States District Court,
S. D. New York.

Dec. 2, 1975.

Paul C. Matthews, New York City, for plaintiff.

Alexander, Ash, Schwartz & Cohen, New York City, for defendant; Paul Klein, of counsel.

MEMORANDUM

FRANKEL, District Judge.

In this morbidly durable case, plaintiff sued under the Jones Act, 46 U.S.C. § 688, for a crushed left thumb he sustained in an accident on August 30, 1966. A jury verdict of $75,000 was returned on March 26, 1971. District Judge Mansfield, as he then was, ordered a new trial unless plaintiff consented to a reduced award of $45,000. When plaintiff withheld consent, a new trial was ordered on damages alone. Of

---

4. *McCormick Shipping Corp. v. Duvalier*, 311 F.2d 933, 934 (5th Cir. 1963).

course, no judgment was ever entered upon the first jury's verdict.[1]

The second jury awarded plaintiff $16,000, which did not seem in all the circumstances to be either "generous," 519 F.2d at 533, or fairly subject to increase by the trial judge. Judgment for $16,000 was entered on July 5, 1972. Only plaintiff appealed, seeking either the original award or an addition to the $16,000. After a notably leisurely prosecution of the appeal, there was a decision of affirmance on July 3, 1975, note 1, *supra*.

Now, expending more time and learning than the amount at stake would seem to justify, but presumably demonstrating by this a keen devotion to principle, the parties dispute the date from which interest should run on the $16,000 award. Defendant offers to pay from the date of the affirmance. Plaintiff claims from the first jury verdict or, at least, from the date of judgment on the second verdict.

The court concludes, upon the seemingly clear authority of *Kotsopoulos v. Asturia Shipping Co., S.A.*, 467 F.2d 91 (2d Cir. 1972), that interest should run from July 5, 1972, when plaintiff was unquestionably awarded a judgment for $16,000, an amount never contested thereafter by defendant. There was no judgment in any amount at an earlier date.

The defendant contends that the running of interest should have ended almost immediately in any event because there was a "tender" of $16,000 to plaintiff's counsel on July 26, 1972. That is a vague, undocumented, and therefore useless assertion. We are not shown the nature (and any possible limits) of that "tender." Against obscure maneuvers of this kind, there is a clear, simple, adequate device for defendant in such a situation—the unilateral, sufficient step of payment into the registry of the court, a procedure requiring no consent by plaintiff and permitting no such ambiguities years later as what defendant now tenders to the court. *Kotsopoulos, supra*, at 94.

Similarly, the court declines, firmly if cheerfully, the invitation to serve as defendant's messenger, namely, to deliver to plaintiff a draft stapled into the last page of counsel's supplemental affidavit. Again, having been guided authoritatively to a perfectly adequate procedure, counsel is urged to invest such creative energies in more needed ways.[2]

The above ruling, awarding interest from July 5, 1972, disposes of both plaintiff's motion dated November 10, 1975, and defendant's motion made upon the affidavit of Paul Klein, Esq., sworn November 12, 1975.

It is so ordered.

---

1. For a fuller account of litigation steps that are no longer important, see the opinion affirming at 519 F.2d 531 (2d Cir. 1975).

2. Defendant's counsel is authorized and requested to unstaple and withdraw from our file the draft he asked us to "forward . . . to plaintiff's attorney. . . ."