**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Steven SABIN, Defendant-Appellant.**

**No. 74–3993.**

United States Court of Appeals, Fifth Circuit.

Feb. 6, 1976.

Rehearing Denied March 5, 1976.

---

* Of the U. S. Court of Claims, sitting by designation.

Larry L. Scissors, Beverly Hills, Cal., for defendant-appellant.

Robert W. Rust, U. S. Atty., Grafton B. Wilson, Asst. U. S. Atty., Miami, Fla., for plaintiff-appellee.

Before JONES, WISDOM and AINSWORTH, Circuit Judges.

PER CURIAM:

Steven Sabin and Joanne Lorette were indicted by the Grand Jury on April 25, 1974. Count One charged conspiracy to import cocaine in violation of 21 · U.S.C.A. § 963. Count Two charged importation of cocaine in violation of 21 U.S.C.A. §§ 952(a) and 960(a)(1). A third count charged Lorette with possession of cocaine. Lorette entered a plea of guilty to the possession charge, and the first two counts were dismissed as to her. Sabin entered a plea of not guilty. A jury trial resulted in a verdict of guilty on both charges. Sabin received two three-and-one-half-year concurrent sentences, from which he appeals.

On her arrival at the Miami, Florida, airport on a plane from Colombia, Joanne Lorette was found by Federal agents to have a quantity of cocaine in her possession. She told the agents that she had brought in the cocaine for Sabin at his request. At the airport she telephoned Sabin and told him that she had the "stuff" and wanted to get rid of it immediately. Sabin came to the airport. Lorette gave him a totebag containing the cocaine. The agents then placed them under arrest. In response to Sabin's inquiry as to why an agent re-

sponded "cocaine", Sabin then said, "Oh Joey, I wish you would have told me."

For the most part the evidence incriminating Sabin was the testimony of Lorette. Sabin urges that the evidence was not sufficient to support the conviction because the inculpatory testimony was from a witness who was, so he says, an uncorroborated, impeached accomplice. Contrary to Sabin's contention it is settled that in determining whether there is substantial evidence in cases where a conviction rests upon the uncorroborated testimony of an accomplice, the general rule is that the uncorroborated testimony of an accomplice may support a conviction if it is not incredible or otherwise unsubstantial on its face. *United States v. Morales,* 5th Cir. 1973, 477 F.2d 1309; *Tillery v. United States,* 5th Cir. 1969, 411 F.2d 644.

The court instructed the jury that accomplice testimony should "always be received with caution and weighed with care."

The court's instruction was not challenged and no request was made for any other or additional charge. While a few words of amplification might have been inserted had they been requested, the instruction as given was adequate.

The contention of Sabin that the testimony of Lorette was wholly uncorroborated is without substance. Sabin responded to the report of Lorette that she had the "stuff" and wanted to get rid of it. His statement, "Oh, Joey, I wish you would have told me", may be ambiguous but the jury might have found in it some admission of guilt or of guilty knowledge.

Sabin contends that the district court erred by not holding a hearing to determine the voluntariness of his "Oh, Joey", statement. The statement was unsolicited and not in response to interrogation. It clearly does not fall within the rule of *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694. In this case as in *United States v. Jacquillon,* 5th Cir. 1972, 469 F.2d 380, cert. denied 410 U.S. 938, 93 S.Ct. 1400, 35 L.Ed.2d 604, the issue of voluntariness was raised for the first time on appeal. The trial court was not required to hold a voluntariness hearing because voluntariness was not in issue during the trial. *Randall v. United States,* 5th Cir. 1972, 454 F.2d 1132, cert. denied 409 U.S. 862, 93 S.Ct. 151, 34 L.Ed.2d 109. The failure to conduct a hearing was not plain error, and the statement was properly admitted. *United States v. Jacquillon, supra.*

Sabin's claim that he was denied effective assistance of counsel is not supported by the record. *MacKenna v. Ellis,* 5th Cir. 1960, 280 F.2d 592, cert. denied 368 U.S. 877, 82 S.Ct. 121, 7 L.Ed.2d 78.

The other contentions raised by Sabin have received consideration by this Court. They are without merit and do not warrant discussion.

The judgment of the district court is affirmed.