**Application of Nathaniel C. WILLIS, Sr.**

**Patent Appeal No. 75–596.**

United States Court of Customs
and Patent Appeals.

July 9, 1976.

**514**

William T. Hough, Polachek, Saulsbury & Hough, New York City, attorney of record, for petitioner.

Joseph F. Nakamura, Washington, D. C., for the Commissioner of Patents.

Before MARKEY, Chief Judge, and RICH, BALDWIN, LANE and MILLER, Judges.

MARKEY, Chief Judge.

Petitioner requests recall of our mandate in the above-entitled appeal. The petition is denied.

### Background

This court affirmed the decision of the Patent and Trademark Office (PTO) in the above-entitled appeal (the appeal) in an unpublished opinion on December 18, 1975. No petition for rehearing or for a writ of certiorari having been filed, our mandate issued on January 9, 1976. CCPA Rule 6.2(a).

On February 18, 1976, petitioner filed a paper entitled "Notice of Motion to Recall the Mandate." The paper was erroneously titled, there being no appeal then before us

in relation to which a "motion" might be filed. It was, however, considered on its merits as a petition.

The February 18, 1976, petition was dated February 9, 1976, and recited as its purpose the opening of the pendency period of the application involved in the appeal in order to provide the benefit of the filing date of that application for a continuation application dated February 9, 1976, and filed in the PTO on February 11, 1976.[1]

A copy of a "streamlined continuation" application was appended to the "motion." An intent to file a Rule 131 affidavit, which would assertedly "overcome" the references on which the original rejection was based, was recited in the "motion" and in the continuation application.

In a letter dated March 25, 1976, the Solicitor of the PTO informed the court that a copy of the "motion" allegedly served on the Commissioner had "not come to light" and no record of the alleged continuation application had been found in the records of the PTO as of March 3, 1976.

The "motion" of February 18, 1976, was denied on March 29, 1976.

On April 13, 1976, petitioner filed a "Petition to Reconsider and Grant Motion to Recall Mandate," the matter now before us, accompanied by five exhibits and substantial argument, the latter directed to: the power of the court to grant relief from a judgment under Rule 60(b), Fed.R.Civ.P.; the possibility that this court was misled by the Solicitor's letter of March 25, 1976; the equity of a recall; the expectation that a patent will issue; and the necessity of recall to "reward the inventor * * * as intended by the Patent Laws."

The Commissioner filed a Memorandum in response to the present petition on May 5, 1976, reciting that the streamlined continuation application had been filed on February 11, 1976; that "no information" concerning it was "available" prior to April 5,

---

1. Though the February 11, 1976, continuation application stated that a Power of Attorney for the newly engaged attorney filing it "has been separately filed by the applicant," that power was not signed until February 22, 1976, was not mailed until February 24, 1976, and was not received in the PTO until February 26, 1976.

1976; that a Rule 131 affidavit was filed on February 26, 1976; that no adequate justification for recall had been shown; that the mandate "in the appealed application" was received in the PTO, and proceedings involving the application terminated, on January 12, 1976; that the "streamlined continuation" filed February 11, 1976, therefore lacked continuity with the appealed application; that the exhibits attached to the affidavit were not alleged to be newly discovered evidence; that the expectation of a patent is questionable; and that application of the Federal Rules of Civil Procedure is limited to United States district courts.

Petitioner filed a Rebuttal on May 13, 1976, arguing that the court has the power to recall its mandate; that justification is not required for continuation applications (though the Commissioner had not argued to the contrary); that petitioner would have been denied the "right" to a PTO and court determination of patentability over the references, devoid of reliance on Rule 131, if "compelled" to rely on that rule during prosecution of the original application; and that the court's "failure" to recall its mandate would deny petitioner the opportunity to obtain the reward intended by the Constitution.

## OPINION

■ Petitioner had twenty-one days, following our decision on the appeal, in which to petition for rehearing or for a writ of certiorari, either of which actions would have stayed our mandate automatically.[2] CCPA Rule 6.2(a). Petitioner might have moved to stay the mandate prior to its issuance. CCPA Rule 6.2(b). Within the PTO, petitioner could have filed the continuation application at any time prior to January 12, 1976, the date of PTO action on our mandate. None of those steps was taken.

Petitioner's reliance upon having filed his continuation application and his "motion" for recall within the ninety-day period dur-

ing which he might have filed a petition for writ of certiorari is misplaced.

■ Petitioner supplies no explanation of or justification for his delay. When, on January 12, 1976, our mandate was received in the PTO, no claims having been allowed, the appealed application suffered its demise. Thereafter, there was in existence no application of which the February 11, 1976, application could constitute a "continuation." "Continuation" and "resurrection" are not synonymous.

As sole justification for the extraordinary action requested, petitioner cites his desire to obtain the benefit of the filing date of the appealed application and thereby avoid "problems" such as a public use or "other matter [which might] interfere" with obtaining a patent based upon his "continuation" application. That justification is clearly insufficient. Petitioner cites no need for clarification or correction of the mandate, no fraud on the court, and no other grounds of injustice. No unjust or unfair conduct of either the court or the PTO is asserted. Petitioner does not allege the discovery of new evidence. On the contrary, the record establishes that petitioner had the Rule 131 exhibits in his possession well prior to the filing of his original application.

■ Though this court has the power, in the interest of justice, to recall its mandate in an appropriate case, as occurred in *In re Doyle*, 482 F.2d 1385, 179 USPQ 227 (CCPA 1973),[3] that power should be exercised sparingly and only upon a showing of good cause. The same is true in other appellate courts. See *Greater Boston Television Corp. v. F.C.C.*, 149 U.S.App.D.C. 322, 463 F.2d 268 (1971), *cert. denied*, 406 U.S. 950, 92 S.Ct. 2042, 32 L.Ed.2d 338 (1972), and cases cited therein.

■ An applicant may file and present a second application at any time. Whether a new application may be given the benefit

---

2. After twenty-one days the mere filing of a petition for writ of certiorari has no effect on our mandate.

3. The recall occurred, of course, after the opinion issued and is not therefore referred to in that opinion. It appears in the file record of the case. See, also, Dunner, *Court Review of Patent Office Decisions: CCPA* § 5.08[e].

**516**

of the filing date of an earlier application is another matter. The petitioner's argument that, because an applicant is entitled to withhold Rule 131 facts of which he is fully aware, while he employs the processes of the PTO and of this court to determine whether he has a right to a patent without reliance on those facts, justice requires recall of our mandate is ill-founded. There is no requirement or rule compelling an applicant to file a Rule 131 affidavit. *Before* our mandate had issued, of course, petitioner was free to file a continuation to assert his Rule 131 facts without onus. But *after* our mandate issued, the equities in this case shifted against petitioner. An applicant's election to expend scarce judicial resources, while failing to take timely action, hardly raises equities requiring this court to recall its mandate. As the Supreme Court stated in *Ackermann v. United States*, 340 U.S. 193, 198, 71 S.Ct. 209, 211, 95 L.Ed. 207 (1950), concerning a decision not to appeal:

> His choice was a risk, but calculated and deliberate and such as follows a free choice. Petitioner cannot be relieved of such a choice because hindsight seems to indicate to him that his decision not to appeal was probably wrong * * *. [F]ree, calculated, deliberate choices are not to be relieved from.

Accordingly, the petition for recall of the mandate is *denied*.