Prince ALBERT, Plaintiff-Appellant,

v.

Sao PAULO, etc., Defendant.

IVARIN LINES INCORPORATED,
Defendant-Appellant,

v.

LIBERTY MUTUAL INSURANCE COM-
PANY, Lien-Claimant-Appellee.

No. 75–3580.

United States Court of Appeals,
Fifth Circuit.

May 27, 1977.

Rehearing and Rehearing En Banc
Denied July 25, 1977.

James F. Moseley, Jacksonville, Fla., for
Ivarin Lines, etc.

Joseph S. Farley, Jr., Jacksonville, Fla.,
for P. Albert.

Marion R. Shepard, Jacksonville, Fla., for
lien-claimant-appellee.

Before WISDOM, GEE and FAY, Circuit
Judges.

PER CURIAM:

Appellant, Prince Albert, a longshoreman
employed by Southern Carolina Shipping
Company, (Carolina), suffered injuries
while working aboard the vessel of the oth-
er appellant, Ivarin Lines, Incorporated.
Under the Longshoremen's and Harbor
Workers' Compensation Act (33 U.S.C.
§ 901 et seq.) (LHWCA), Albert received
compensation and medical benefits from his
employer, Carolina, through its insurance

carrier, Liberty Mutual Insurance Company.

Albert filed an action against the ship and its owner, Ivarin, and a settlement was reached. Before the settlement, Liberty Mutual filed a notice of payment of benefits to Albert and claimed a lien upon any recovery made by Albert in his action by settlement or by judgment. The district court issued an order fixing the amount of the carrier's lien and directed that it be paid from the settlement proceeds.

On appeal, Ivarin and Albert contend that the district judge was in error in granting as a matter of law a lien upon Albert's settlement because the court disregarded their defense of concurrent negligence by Carolina, his employer, which proximately contributed to Albert's injuries. This is a case of first impression in this circuit and for the following reasons we must affirm the judgment of the district court.

Under Section 33 of the LHWCA where an employer's insurance carrier has assumed payment of compensation to an injured employee that carrier is subrogated to all the employer's rights. 33 U.S.C. § 933(h).[1]

■ The employer's rights include an assignment of an employee's claims against third parties (ships, owners, etc.) to the employer where the employee has (1) received an award under an order filed by the deputy commissioner and (2) the employee has not filed an action against that third party within six months after the award. 33 U.S.C. § 933(b).[2] However, the statute does not provide for the situation where a compensation order has not been issued and recovery from the third party was obtained by the employee in his own action. This

circuit has summarized this point in *Allen v. Texaco, Inc.,* 510 F.2d 977 (5th Cir. 1975). Judge Roney stated:

. . . the courts have long recognized a right of subrogation to the extent of payments made, and have permitted the employer or its insurer to intervene in the employee's suit to protect its right, even where compensation was paid without entry of a formal compensation award. *The Etna,* 138 F.2d 37 (3rd Cir. 1943). (Other citations omitted)

*Supra,* pp. 979–980. *In accord Louviere v. Shell Oil Company,* 509 F.2d 278, 283–84 (5th Cir. 1975). This permits Liberty Mutual to file a lien against Albert's recovery from Ivarin for the amount of compensation paid to Albert even though there was not a formal award of compensation by the deputy commissioner.

■ In answer to appellant's contention that they should be permitted to assert the defense of concurrent negligence against the employer's compensation lien we have to disagree. Congress has specifically provided for the employer's (or its carrier) recovery of their total expenditures from the damages paid by a negligent third party (shipowner) without an exception or reduction for the employer's concurrent negligence. 33 U.S.C. § 905(b). Therefore, we find that Carolina's alleged concurrent negligence is not a total or partial defense to its (or the insurance carrier's) right to reimbursement from the vessel owner for compensation paid to Albert. *See Cella v. Partenreederei MS Ravenna,* 529 F.2d 15, 20 (1st Cir. 1975) *cert. den.,* 425 U.S. 975, 96 S.Ct. 2175, 48 L.Ed.2d 799 (1976); *Landon v. Lief Hoegh and Co., Inc.,* 521 F.2d 756, 763 (2nd Cir. 1975) *cert. den., A/S Arcadia v. Gulf Ins. Co.,* 423 U.S. 1053, 96 S.Ct. 783, 46 L.Ed.2d 642 (1976); *Dodge v. Mitsui Shintaku Genko K.K. Tokyo,* 528 F.2d 669, 674

---

1. Where the employer is insured and the insurance carrier has assumed the payment of the compensation, the insurance carrier shall be subrogated to all the rights of the employer under this section.

2. Acceptance of such compensation under an award in a compensation order filed by the

deputy commissioner or Board shall operate as an assignment to the employer of all right of the person entitled to compensation to recover damages against such third person unless such person shall commence an action against such third person within six months after such award.

(9th Cir. 1975) *cert. den.,* 425 U.S. 944, 96 S.Ct. 1685, 48 L.Ed.2d 188 (1976).

Appellants' contention that an equitable defense to the compensation lien should be allowed is not provided for in the Act and this court cannot change the statute to so provide. That is Congress' dominion.[3]

The judgment of the district court is affirmed.

**3.** Compensation liens have long been one of the means of recovery by employers or their carriers. When Congress amended the LHWCA in 1972 it was aware of the use of liens and still did not add a provision allowing some manner of defending against them; that is, contributory negligence or contribution by the employer.