**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Harry Leroy CLARK, Defendant-Appellant.**

**No. 76–4363**
**Summary Calendar.***

United States Court of Appeals, Fifth Circuit.

June 6, 1977.

Rehearing and Rehearing En Banc Denied July 21, 1977.

---

* Rule 18, 5 Cir.; *see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.,* 5 Cir., 1970, 431 F.2d 409, Part I.

Richard Norman Johnston, Dallas, Tex. (Court-Appointed), for defendant-appellant.

Michael P. Carnes, U. S. Atty., Fort Worth, Tex., Judith A. Shepherd, Stafford Hutchinson, Asst. U. S. Attys., Dallas, Tex., for plaintiff-appellee.

Before AINSWORTH, MORGAN and GEE, Circuit Judges.

PER CURIAM:

Appellant Harry Leroy Clark was convicted after a jury trial of possession and utterance of counterfeit United States currency, violations of 18 U.S.C. § 472.

On appeal, Clark contends that the trial court erred in admitting into evidence statements which Clark made to police officers after his arrest and to a Secret Service agent during three subsequent interviews. Although Clark admits that before each statement was made his constitutional rights were explained to him, he challenges the voluntariness of the statements. We need not address the question of whether the statements were voluntarily given because in light of the circumstances under which the statements were admitted into evidence there was no error. The statements were not offered in the government's case-in-chief but for impeachment purposes after Clark made inconsistent statements on the witness stand. The trial judge charged the jury that the statements were to be considered only as to Clark's credibility, and not as to his guilt. As the Supreme Court has said,

It does not follow from *Miranda* that evidence inadmissible against [the defendant] in the prosecution's case in chief is barred for all purposes, always provided that "the trustworthiness of the evidence satisfies legal standards." . . . Again, the impeaching material would provide valuable aid to the jury in assessing the defendant's credibility.

*Oregon v. Hass*, 420 U.S. 714, 722, 95 S.Ct. 1215, 1221, 43 L.Ed.2d 570 (1975). Clark makes no allegation of overt coercion or other factors which would compromise the "legal trustworthiness" of the statements. Accordingly, Clark's statements would be admissible for impeachment purposes.

Clark further contends that the trial judge erred in admitting into evidence forms signed by Clark reciting that he had read a list of constitutional rights appearing on the forms. Clark asserts that he did not read the list but that the Secret Service agent read it to him, and that this does not assure that each one was read and understood. The agent testified that he asked Clark to "read along" while he read the rights, and that Clark agreed and then looked at the paper while the agent read it aloud. The trial judge did not err in admitting the forms as impeachment evidence.

Finally, Clark argues that the alphabetical-listing system of appointing attorneys in the Northern District of Texas deprived him of his right to counsel. This issue has no merit.

Having considered each point raised by Clark on appeal and found each to lack merit, we affirm the judgment below.

AFFIRMED.