**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Michael Anthony NABRIT,**
**Defendant-Appellant.**

**No. 76–4110**
**Summary Calendar.\***

United States Court of Appeals,
Fifth Circuit.

June 20, 1977.

---

\* Rule 18, 5 Cir.; see *Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.,* 5 Cir., 1970, 431 F.2d 409, Part I.

Herbert Shafer, Atlanta, Ga., for defendant-appellant.

John W. Stokes, U. S. Atty., Dorothy T. Beasley, Asst. U. S. Atty., Atlanta, Ga., for plaintiff-appellee.

Before THORNBERRY, RONEY and HILL, Circuit Judges.

JAMES C. HILL, Circuit Judge:

On April 7, 1976, defendant, Michael Anthony Nabrit, and Lewis Isadore Birch, were indicted in a two count indictment[1] for passing counterfeit obligations of the United States, to wit; twenty dollar bills, in violation of 18 U.S.C.A. § 472.[2] On the day of trial Birch plead guilty and testified on behalf of the government. Defendant was convicted and sentenced on each count to concurrent two year terms. We affirm.

A brief summary of the evidence at trial, with reasonable inferences drawn favorably to the government, Glasser v. United States, 315 U.S. 60, 62 S.Ct. 457, 86 L.Ed. 680 (1942), is as follows: On February 3, 1976, Birch and defendant drove over to "Skip's" house and Skip gave defendant some money. Later, with Birch behind the wheel he and defendant stopped at an Exxon station and asked for a dollar's worth of gas. Defendant gave Birch a counterfeit twenty to pay for the gas. The attendant thought that the bill did not look right until he saw "In God We Trust" on the reverse side and he then gave defendant nineteen dollars in change.

Sometime later, Birch drove by a Church's Fried Chicken and defendant exited the car to order some food while Birch was to park nearby. When defendant paid the attendant with a counterfeit twenty, the attendant became suspicious and the manager of the store called the police. Defendant then suspected that something was amiss and returned to the car. By this time the Church's attendant had returned to the window and Birch told defendant that he should go back. Defendant then went back to pick up his order and change but when he was told that it was not ready, he left and did not return to the car. He was later apprehended by the police a short distance away.

Defendant contends that it was error for the trial court to fail to instruct the jury on accomplice testimony. Since defendant failed to request such an instruction, we must examine the point under the plain error standard. Fed.R.Crim.P. 52(a). The failure to give an accomplice instruction may constitute plain error if the accomplice testimony is both uncorroborated and either incredible or unreliable, United States v. Beasley, 519 F.2d 233, 241 (5th Cir. 1975), vacated on other grounds, 425 U.S.

---

1. Count one charged Birch with aiding and abetting the defendant and count two charged the defendant with aiding and abetting Birch.

2. 18 U.S.C.A. § 472 provides:
   Whoever, with intent to defraud, passes, utters, publishes, or sells, or attempts to pass, utter, publish, or sell, or with like intent brings into the United States or keeps in possession or conceals any falsely made, forged, counterfeited, or altered obligation or other security of the United States, shall be fined not more than $5,000 or imprisoned not more than fifteen years, or both.

956, 96 S.Ct. 1736, 48 L.Ed.2d 201 (1976); *Tillery v. United States,* 411 F.2d 644 (5th Cir. 1969); *Williamson v. United States,* 332 F.2d 123 (5th Cir. 1964), or if evidentiary questions are so close as to require a cautionary instruction. *United States v. Windom,* 510 F.2d 989, 994 (5th Cir.), *cert. denied,* 423 U.S. 863, 96 S.Ct. 121, 46 L.Ed.2d 91 (1975); *United States v. Clark,* 480 F.2d 1249, 1254 (5th Cir.), *cert. denied,* 414 U.S. 978, 94 S.Ct. 301, 38 L.Ed.2d 222 (1973); *Davis v. United States,* 411 F.2d 1126, 1129 (5th Cir. 1969).

The evidence in this case does not warrant reversal under either of these tests. Defendant was positively identified as passing one of the counterfeit bills. The testimony of the accomplice was corroborated in many respects by other witnesses at the trial. While defendant denied knowledge of the counterfeit nature of the bills, his suspicious activities and flight were probative of his guilty knowledge. Moreover, the bills appeared counterfeit or at least suspiciously non-genuine to all of the persons to whom they were uttered. Finally, there are no circumstances in the instant case which were evident in *Tillery* and *Williamson* which raise a substantial issue as to the reliability or credibility of Birch's testimony.

 Defendant contends that it was reversible error for the government to fail to provide him with a rap sheet and a prior statement given to the government by the accomplice. Furthermore, defendant argues that he was prejudiced by the trial court's refusal to grant him a continuance so that he could prepare to cross-examine on the basis of the prior statement and rap sheet. The accomplice changed his plea on the day of the trial. The court took a short recess to allow counsel to examine the ma-

terial and the material was tendered before the witness took the stand.

The accomplice's prior statement was inculpatory rather than exculpatory. The law clearly does not require production prior to trial. 18 U.S.C.A. § 3500;[3] *United States v. Scott,* 524 F.2d 465 (5th Cir. 1975). Defense counsel extensively cross-examined the accomplice about his prior record and explored the conflicts in his testimony. There was no abuse of discretion in refusing to grant a continuance. 18 U.S.C.A. § 3500(c); *United States v. Uptain,* 531 F.2d 1281 (5th Cir. 1976).

AFFIRMED.

---

**3.** 18 U.S.C.A. § 3500 provides in part:

(a) In any criminal prosecution brought by the United States, no statement or report in the possession of the United States which was made by a Government witness or prospective Government witness (other than the defendant) shall be the subject of subpena, discovery, or inspection until said witness has testified on direct examination in the trial of the case.

\* Rule 18, 5 Cir.; *Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.,* 5 Cir., 1970, 431 F.2d 409, Part I.