Application of Kenneth T. SNYDER.

Patent Appeal No. 76–669.

United States Court of Customs and Patent Appeals.

June 30, 1977.

Rehearing Denied Aug. 18, 1977.

B. R. Pravel, Pravel & Wilson, Houston, Tex., for appellant.

Commissioner of Patents, for appellee.

MARKEY, C. J., and RICH, BALDWIN, LANE and MILLER, JJ.

LANE, Judge.

Petitioner requests the vacating of our mandate in Patent Appeal No. 76–669, involving application serial No. 332,021, filed February 12, 1973, for "Permanently Flexible Bituminous Tape." The petition is granted.

*Background*

In Patent Appeal No. 76–669, we affirmed the decision of the Patent and Trademark Office (PTO) Board of Appeals in an unpublished opinion dated April 21, 1977. The involved application contained no allowed claims, and our mandate issued on May 13, 1977. Petitioner asserts by way of affidavit that good cause exists for vacating the mandate, essentially for these reasons: (1) On May 9, 1977, counsel for petitioner prepared a "Motion for an Extension of Time to File a Petition for Rehearing"; (2) Counsel signed the original of said motion and its Certificate of Service; the original was delivered to counsel's office staff for mailing to this court, with a copy to be mailed to the PTO Solicitor; (3) The motion was mailed on May 9, 1977, and received by the Solicitor on May 11, 1977; (4) However, the court did not receive the motion; (5) The only possible explanations why this court did not receive the motion are that counsel's staff may have inadvertently mailed the original to the Solicitor or the original was misdirected or lost in the mail; (6) The petition to vacate should be granted in order to permit petitioner to raise a significant legal point on petition for rehearing.

Rather than opposing the petition, the Commissioner simply states that "there is no adequate basis for him to take a position, one way or the other, on appellant's petition

to vacate the mandate." The Solicitor acknowledges receipt of the motion for extension of time on May 11, 1977, and states that he would not have opposed this motion had it been timely filed with the court.

## OPINION

As we recently stated in *In re Willis*, 537 F.2d 513, 515, 190 USPQ 327, 329 (Cust. & Pat.App.1976), "this court has the power, in the interest of justice, to recall its mandate in an appropriate case." Whereas equities weighed against the petitioner in *Willis, supra*,[1] no such equities weigh against petitioner here since, at worst, there was merely a clerical mistake involved. Counsel for petitioner, acting within the time frame allowed by the current court rules, attempted to file with the court a motion for an extension of time to file a petition for rehearing. While it is agreed that the PTO Solicitor timely received his copy of this motion, nevertheless, because of reasons unknown, the court did not timely receive the original. While we are not excusing petitioner from his responsibility of filing the motion,[2] we do believe that, under the particular circumstances of this case, it would be unjust not to vacate the mandate. Each petition to recall a mandate must be judged on its own facts. *In re Jones*, 542 F.2d 65, 191 USPQ 249 (Cust. & Pat.App.1976).

A basic thrust of petitioners' argument in *In re Jones, supra*, was that counsel apparently had proceeded according to the old rules of the court which were in effect prior to January 1, 1974, although the court's rules had been revised, effective on that date. In denying the petition, we deemed ignorance of the current court rules an inadequate excuse on which to predicate the petition to recall the mandate. As we said, "[a]ttorneys appearing before this court are presumed to have knowledge of the provisions of the *current* court rules." *In re Jones, supra* at 68, 191 USPQ at 252. In contrast, counsel for petitioner here worked within the time frame set forth by the current court rules.[3] But for an unfortunate circumstance, we undoubtedly would have received petitioner's motion on time, as did the Solicitor.

We recognize that the power to recall a mandate should be exercised sparingly and only upon a showing of good cause, and we are fully conscious of the strong policy of repose, i. e., that there be an end to litigation. See *Greater Boston Television Corp. v. F.C.C.*, 149 U.S.App.D.C. 322, 463 F.2d 268, 278 (1971), *cert. denied*, 406 U.S. 950, 92 S.Ct. 2042, 32 L.Ed.2d 338 (1972). Nevertheless, we cannot be inflexible to the point of disregarding the equities of a particular case, and, under the particular facts before us, we believe that counsel for petitioner has sworn to sufficient facts which establish that good cause exists for vacating our mandate.

Accordingly, it is ORDERED that the petition to vacate be, and hereby is, granted, and petitioner is given twenty days from the date hereof to file a petition for rehearing.

MARKEY, C. J., dissents.

---

1. Petitioner in *Willis* withheld Rule 131 facts of which he was fully aware, while he employed the processes of the PTO and of this court to determine whether he had a right to a patent without reliance on those facts. Having determined in the negative, he desired recall of our mandate in order to pave the way for prosecution of a continuation case, in which he intended to file a Rule 131 affidavit. We frowned upon such a course of action, noting that petitioner's "election to expend scarce judicial resources, while failing to take timely action, hardly raises equities requiring this court to recall its mandate." *In re Willis, supra* at 516, 190 USPQ at 329.

2. With respect to the meaning of "filing," see Fed.R.App.P. 25(a).

3. The current court rules applicable to the instant case became effective on January 1, 1977.

# UNITED STATES COURT OF APPEALS

## Fifth Circuit

---

## DECISIONS WITHOUT PUBLISHED OPINIONS

The following cases have been decided without formal opinion prepared for publication in the permanent law reports:

| Title | Docket Number | Date of Decision | Disposition | Appeal from and Citation (if reported) |
|---|---|---|---|---|
| Assaf v. University of Texas System | 75–3493 | 7/26/77 | APPEAL DISMISSED | S.D.Tex. |
| * † Cantrell v. Becker and Associates, Inc. | 76–3845 | 8/ 1/77 | AFFIRMED | E.D.La. |
| * † Crawford v. Estelle | 76–4180 | 7/26/77 | AFFIRMED | N.D.Tex. |
| * † Dominguez v. Immigration and Naturalization Service | 76–3708 | 8/ 1/77 | AFFIRMED | I.N.S.Tex. |
| * Eckel v. Palm Beach Atlantic College, Inc. | 76–2682 | 8/ 1/77 | AFFIRMED *** | S.D.Fla. |
| * Fivecoat v. Wainwright | 77–1129 | 7/26/77 | AFFIRMED *** | M.D.Fla. |
| * Henderson v. U. S. | 77–1035 | 8/ 1/77 | AFFIRMED *** | N.D.Ga. |
| * Kidd v. U. S. | 77–1656 | 7/26/77 | AFFIRMED *** | S.D.Tex. |
| * † McCorkel v. Exxon Corp. | 77–1296 | 7/26/77 | AFFIRMED | S.D.Ga. |
| * McMillan v. Hopper | 77–1545 | 7/19/77 | AFFIRMED | S.D.Ga. |
| * † Maner v. Johnson | 77–1230 | 8/ 1/77 | AFFIRMED | M.D.Ala. |
| * U. S. v. Greedy | 76–4280 | 8/ 1/77 | AFFIRMED *** | S.D.Tex. |
| * † U. S. v. Loredo | 76–4275 | 7/26/77 | AFFIRMED | S.D.Tex. |
| U. S. v. McCracken | 75–1253 | 7/21/77 | AFFIRMED | S.D.Miss. |
| † U. S. v. Taylor | 76–3294 | 7/19/77 | AFFIRMED | M.D.Ala. |

\* Summary Calendar case; Rule 18, 5 Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5 Cir., 1970, 431 F.2d 409.

\*\*\* Opinion contains citation(s) or special notations.

† Local Rule 21 case; see NLRB v. Amalgamated Clothing Workers of America, 5 Cir., 1970, 430 F.2d 966.

# UNITED STATES COURT OF APPEALS

## Fifth Circuit

---

### DENIALS OF REHEARING EN BANC

(Rule 35 Federal Rules of Appellate Procedure; Local Fifth Circuit Rule 12)

Group 1—Denials where no member of the panel nor Judge in regular active service on the Court requested that the Court be polled on rehearing en banc.

Group 2—Denials after a poll requested by a member of the panel or a Circuit Judge in regular active service.

Group 3—Denials on the Court's own motion after a poll requested by a member of the panel or a Circuit Judge in regular active service.

| Title | Docket Number | Date of Denial | Citation of Panel Decision |
|---|---|---|---|
| **GROUP 1** | | | |
| Albert v. Paulo | 75–3580 | 7/25/77 | M.D.Fla., 552 F.2d 1139 |
| Bolton v. Murray Envelope Corp. | 75–2849 | 7/25/77 | S.D.Miss., 553 F.2d 881 |
| Ivarin Lines Inc. v. Liberty Mutual Insurance Co. | 75–3580 | 7/25/77 | M.D.Fla., 552 F.2d 1139 |
| Perini Corp. v. First National Bank of Habersham County, Georgia | 75–2816, 75–3402 | 7/27/77 | N.D.Ga., 553 F.2d 398 |
| U. S. v. Clark | 76–4363 | 7/21/77 | N.D.Tex., 553 F.2d 504 |
| U. S. v. Smyth | 76–2314 | 7/20/77 | N.D.Tex., 556 F.2d 1179 |