**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Willie Hardy KELLEY,
Defendant-Appellant.**

No. 77–5137
**Summary Calendar.\***

United States Court of Appeals,
Fifth Circuit.

Sept. 19, 1977.

Rehearing and Rehearing En Banc
Denied Oct. 14, 1977.

---

\* Rule 18, 5 Cir., *Isbell Enterpirses, Inc. v. Citizens Casualty Company of New York et al.*, 5 Cir., 1970, 431 F.2d 409, Part I.

**400**

Nina Cortell, Dallas, Tex. (Court-appointed), for defendant-appellant.

Kenneth J. Mighell, U. S. Atty., Fort Worth, Tex., Judith A. Shepherd, Asst. U. S. Atty., Dallas, Tex., for plaintiff-appellee.

Before AINSWORTH, MORGAN and GEE, Circuit Judges.

PER CURIAM:

Defendant, Willie Hardy Kelley, appeals his conviction of aiding and abetting the unlawful possession of a United States Treasury check stolen from the mail in violation of 18 U.S.C. §§ 2 and 1708.

On August 1, 1976, a number of Government checks were stolen from a United States Postal Service vehicle in the City of Dallas. Lester Hall, among others, had not received his expected Government check, although it had been mailed to him. The testimony of the prosecution's witnesses indicated that on August 3, 1976, defendant Kelley approached his friend Wesley Wayne Moore with an offer to make money by passing Government checks. The defendant showed Moore three Government checks. They then went to a store to obtain blank identification cards and to use a machine to take photographs of themselves. Subsequently, they went to the apartment of Moore's friend to ask her to type up the identification cards. Moore introduced the defendant as Lester Hall. When defendant and Moore learned that the typewriter was not working, Kelley went to a pawnshop to have the identification cards typed up, including one in the name of "Lester Hall". The defendant placed Moore's picture on the "Lester Hall" card and he and Moore drove in defendant's car to a small grocery store. Defendant remained outside while Moore attempted to cash the Government checks payable to Lester Hall in the store. The owner detained Moore and called the police. Defendant entered the store while Moore was being detained but left without saying anything.

Kelley now contends that his conviction should be reversed because there was insufficient evidence to prove guilty knowledge because the major Government witness was the accomplice and thus unreliable, and that he was denied the effective assistance of counsel because his appointed counsel did not have extensive experience in criminal law and did not call defendant to the stand to deny the charges against him. We disagree.

Concerning the testimony of an accomplice, this Court adheres to the following general rule

. . . that in determining whether there is substantial evidence in cases where a conviction rests upon the uncorroborated testimony of an accomplice, the general rule is that the uncorroborated testimony of an accomplice may support a conviction if it is not incredible or otherwise unsubstantial on its face. *United States v. Morales*, 5th Cir. 1973, 477 F.2d 1309; *Tillery v. United States*, 5th Cir. 1969, 411 F.2d 644.

*United States v. Sabin*, 5 Cir. 1976, 526 F.2d 857, 859. In this case the testimony was neither incredible on its face nor totally uncorroborated. Moore's friend testified that defendant and Moore came to her apartment with the identification cards they wanted to be typed up. The defendant was introduced as Lester Hall. The pawnbroker testified that he typed up identification cards for the defendant including a card with the name of Lester Hall. Plainly, there is sufficient evidence to find the defendant guilty.

There is no merit in the contention that the defendant was denied the effective assistance of counsel because his appointed counsel had no experience in criminal advocacy. *Cf. United States v. Clark*, 5 Cir. 1977, 553 F.2d 504. Whether the defendant has been afforded his right to counsel depends on whether the attorney is reasonably likely to render and does render reasonably effective assistance, not on whether counsel has an extensive background in criminal defense work. *See Herring v. Estelle*, 5 Cir. 1974, 491 F.2d 125, 126.

Appellant argues that counsel's failure in putting him on the stand denied him the defense that he had no knowledge of Moore's possession of the stolen checks. The record reveals that appointed counsel provided adequate representation of appellant. Many factors are relevant in the determination of allowing the defendant to take the stand. Because of defendant's prior record and the countervailing evidence in the record, the trier of fact would have had great difficulty in accepting appellant's claim that he had no knowledge that Moore possessed stolen Government checks.

AFFIRMED.