**GOVERNMENT OF the CANAL ZONE, Plaintiff-Appellee,**

v.

**Norma Clotilde THRUSH G. (GARCES) and Dorothy Gartlan, Defendants-Appellants.**

No. 78–5767
Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

Oct. 3, 1979.

Rehearing Denied Nov. 13, 1979.

---

* Rule 18, 5 Cir.; *see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York, et al.*, 5 Cir., 1970, 431 F.2d 409, Part I.

Daniel D. Douglass, Balboa, Canal Zone, Wolff & Gora, Fort Lauderdale, Fla., for defendants-appellants.

Frank J. Violanti, U.S. Atty., Wallace D. Baldwin, Asst. U.S. Atty., Balboa, Canal Zone, for plaintiff-appellee.

Before CLARK, GEE and HILL, Circuit Judges.

PER CURIAM:

Appellants are former employees of the Army and Air Force Exchange Service of the Canal Zone, convicted of conspiracy to defraud the Exchange, an agency of the United States Government, in violation of 18 U.S.C.A. § 371. They now urge reversal of the convictions on the following grounds: (1) the trial court failed to instruct the jury that under C.Z. Code tit. 6, § 42(a) "[a] conviction can not be had on the testimony of an accomplice unless his testimony is corroborated by other evidence which in itself and without the aid of the testimony of the accomplice, tends to connect the defendant with the commission of the offense."; (2) the trial court abused its discretion in refusing to grant Appellant-Gartlan's motion for a continuance; (3) Appellant-Thrush-Garces was denied a fair trial because of comments made by the trial judge regarding her proficiency in the English language; (4) the trial court erred in not instructing the jury regarding a hearing, held out of the presence of the jury, concerning Appellant-Thrush-Garces' proficiency in the English language; (5) there was a substantial variance between the information and the proof adduced at trial.

We have carefully examined the record and find no merit in the last four grounds for reversal urged upon us by Appellants. We turn then to the trial court's failure to give the proper accomplice instruction under the Canal Zone Code.[1]  Since Appel-

---

1. The district court gave the following cautionary instruction:

   The testimony of an alleged accomplice, and the testimony of one who provides evidence against a defendant as an informer for pay, or for immunity from punishment, or for personal advantage or vindication, must always be examined and weighed by the jury with greater care and caution than the testimony of ordinary witnesses.  You, the jury,

lants failed to request an accomplice instruction, we examine the point under the plain error standard of review. Fed.R. Crim.P. 52(a); *see United States v. Nabrit,* 554 F.2d 247, 248 (5th Cir. 1977).

Generally, in this Circuit a conviction may be based solely on the uncorroborated testimony of an accomplice if the testimony is not incredible or otherwise unsubstantial on its face. *United States v. Garner,* 581 F.2d 481, 486 n.2 (5th Cir. 1978); *United States v. Trevino,* 565 F.2d 1317, 1319 (5th Cir.), *cert. denied,* 435 U.S. 971, 98 S.Ct. 1613, 56 L.Ed.2d 63 (1971); *United States v. Kelley,* 559 F.2d 399, 400 (5th Cir.), *cert. denied,* 434 U.S. 1000, 98 S.Ct. 644, 54 L.Ed.2d 497 (1977); *Tillery v. United States,* 411 F.2d 644, 647 (5th Cir. 1969). While no particular instruction is necessary in such cases, we have emphasized repeatedly the desirability of instructing the jury that accomplice testimony should be scrutinized carefully. *E.g., United States v. Beasley,* 519 F.2d 233, 241 (5th Cir. 1975), *vacated on other grounds,* 425 U.S. 956, 96 S.Ct. 1736, 48 L.Ed.2d 201 (1976); *Tillery v. United States,* 411 F.2d 644, 647 (5th Cir. 1969). Prosecutions under the Canal Zone Code, however, are governed by a different rule. *See* Fed.R.Crim.P. 54(a). Section 42(a) of the Canal Zone Code, C.Z. Code tit. 6, § 42, explicitly states that the testimony of an accomplice must be corroborated if it is to provide the basis for a conviction. In view of the clear language of this statute, we believe that a jury instruction to that effect is mandatory rather than merely desirable.

In the instant case, the alleged accomplice,[2] Maggie Wilson, testified that on occasion she had been requested to underring merchandise by Appellant-Gartlan. Additionally, Mrs. Wilson testified to having witnessed several transactions, in which Appellants participated, which indicated their involvement in a scheme to defraud the Exchange. The record also shows that several other witnesses gave testimony concerning the underringing activities of Appellants. Since there was substantial evidence, aside from the testimony of Mrs. Wilson, connecting Appellants with the commission of the offense, we cannot say that the convictions were in any sense based on the uncorroborated testimony of an accomplice.

While we hold that in prosecutions under the Canal Zone Code, where an accomplice testifies against the defendant, it is error not to instruct the jury on the substance of Section 42, in this case the evidence of guilt was so overwhelming that any error committed by the trial court must be considered harmless.

AFFIRMED.

must determine whether the witness' testimony has been affected by any of these circumstances, or by his interest in the outcome of the case, or by prejudice against the defendant, or the benefits that he or she has received either financially, or as the result of being immunized from prosecution; and if you determine that the testimony of such a witness was affected by any one or more of these factors, you should keep in mind that such testimony is always to be received with caution and weighed with great care.

You should never convict any defendant upon the unsupported testimony of such a witness unless you believe that testimony beyond a reasonable doubt.

Tr. at 303–04.

2. Accomplice is defined in § 42(b) of the Canal Zone Code as follows:

An accomplice is an individual who is liable to prosecution for the identical offense charged against the defendant on trial in the cause in which the testimony of the accomplice is given.

C.Z. Code tit. 6, § 42(b).

There is substantial doubt whether the witness claimed to have been an accomplice fits within the above definition. In view of our conclusion that any error committed in not giving the proper instruction was harmless beyond a reasonable doubt, we do not find any need to resolve that question.