GOVERNMENT OF the CANAL ZONE,
Plaintiff-Appellee,

v.

Obdulia Rosalia MORALES,
Defendant-Appellant.

No. 78–5756
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Oct. 3, 1979.

Ray J. McQuary, Public Defender, Balboa Heights, Canal Zone, for defendant-appellant.

Frank J. Violanti, U. S. Atty., Wallace D. Baldwin, William H. Beatty, Asst. U. S. Attys., Balboa, Canal Zone, for plaintiff-appellee.

Before CLARK, GEE and HILL, Circuit Judges.

PER CURIAM:

Appellant appeals from a conviction of conspiracy to defraud the Army and Air Force Exchange Service of the Canal Zone, an agency of the United States, in violation of 18 U.S.C.A. § 371. The following errors are urged upon us as grounds for reversal: (1) the trial court erred in admitting certain inculpatory statements, categorized as hearsay by C.Z.Code tit. 5, § 2962, without first making the specific findings of reliability required by C.Z.Code tit. 5, § 2962(6); (2) the trial court failed to instruct the jury that under C.Z.Code tit. 6, § 42(a), "[a] conviction can not be had on the testimony of an accomplice unless his testimony is corroborated by other evidence which in itself and without the aid of the testimony of the accomplice, tends to connect the defendant with the commission of the offense."

■ We find no merit in the first ground for reversal urged upon us by Appellant.

■ The issue raised by the district court's failure to give an accomplice instruction is controlled by our decision, this day, in *Government of the Canal Zone v. Thrush G. (Garces)*, 603 F.2d 1118. As in the present case, Appellants in *Thrush G. (Garces)* failed to request any accomplice instruction at trial.[1] Noting that our review therefore was limited by the plain error standard, Fed.R.Crim.P. 52(a), we held

---

* Rule 18, 5 Cir.; see *Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.*, 5 Cir. 1970, 431 F.2d 409, Part I.

1. The alleged accomplice, Maggie Wilson, also testified in Thrush G. (Garces). As we there noted, it is not at all clear that Mrs. Wilson was an "accomplice" within the meaning of C.Z. Code tit. 6, § 42(b). However, in view of our holding in this case, we do not find any need to resolve that question.

that "in prosecutions under the Canal Zone Code, where an accomplice testifies against the defendant, it is error not to instruct the jury on the substance of Section 42." 603 F.2d at 1120. However, having carefully reviewed the record in this case we are convinced that the testimony of the alleged accomplice was in no sense uncorroborated. The witness, Maggie Wilson, testified to several instances in which she observed the Appellant participating in underringing activities. In addition to other witnesses who testified to Appellant's underringing activities, the government called Charles G. Fields, a security officer with the Exchange, who recounted an interview with Appellant in which she made incriminating statements. Thus, we hold that any error committed by the district court in not instructing the jury on the provisions of Section 42 of the Canal Zone Code was harmless beyond a reasonable doubt.

AFFIRMED.