**UNITED STATES of America,
Plaintiff-Appellee,**

**v.**

**Manuel Contreras PALACIOS,
Defendant-Appellant.**

**No. 79–5285
Summary Calendar.***

United States Court of Appeals,
Fifth Circuit.

Feb. 29, 1980.

* Fed.R.App.P. 34(a); 5th Cir. R. 18.

Charles D. Butts, San Antonio, Tex., for defendant-appellant.

LeRoy Morgan Jahn, Asst. U. S. Atty., San Antonio, Tex., for plaintiff-appellee.

Before RONEY, KRAVITCH and TATE, Circuit Judges.

PER CURIAM:

Manuel Contreras Palacios was convicted of distribution of heroin, in violation of 21 U.S.C.A. § 841(a)(1). The principal witnesses against him at trial were Neri Garcia and Anselmo Gomez.

Defendant's first contention on appeal is that the agreements of Garcia and Gomez to testify in return for the dismissal of charges against them rendered their testimony invalid as a matter of law. As a result, he argues, there was insufficient evidence to convict him.

The thesis of defendant's argument was considered and rejected by this Court in *United States v. Garner*, 581 F.2d 481, 485 (5th Cir. 1978). In *Garner*, as here, it was contended that the testimony of admitted drug users who were testifying pursuant to plea bargain agreements was "incredible as a matter of law." *Id.* This Court observed that the jury is the arbiter of the credibility of witnesses, and that for

> testimony to be considered incredible [as a matter of law] "it must be unbelievable on its face", *i. e.*, testimony as to "facts that [the witness] physically could not have possibly observed or events that could not have occurred under the laws of nature."

*Id.* (quoting *United States v. Cravero*, 530 F.2d 666, 670 (5th Cir. 1976)). Since the testimony of Garcia and Gomez fell far short of this rigorous standard of "legal" incredibility, the jury was the final arbiter of their credibility and its decision to credit the testimony of Garcia and Gomez, as evidenced by the verdict, cannot be disturbed on appeal.

During his closing summary, the prosecutor stated:

> Ladies and gentlemen, two essential elements: Manuel Contreras Palacios on or about August 30, distributed  .  .  . three grams of heroin to Neri Flores Garcia. Uncontroverted.

Defendant's objection to the characterization of evidence as "uncontroverted" was overruled. The trial judge nevertheless delivered a lengthy instruction informing the jury that

> [t]he failure of the defendant  .  .  . to take the stand in his defense  .  .  . will not be considered by you as any evidence at all of his guilt,

and that they were not to consider the prosecutor's remark "as imposing any obligation upon the defendant to controvert any matter in evidence."

To reverse for improper commentary on the failure of the accused to take the stand, there must be either a manifest intent of the prosecutor to comment upon the failure of the accused to testify or a remark of such a character that the jury would naturally and necessarily take it to be such a comment. *United States v. Corral-Martinez*, 592 F.2d 263, 269 (5th Cir. 1979).

A remark similar to that challenged here was addressed by this Court in *United States v. Rochan*, 563 F.2d 1246, 1249 n. 3 (5th Cir. 1977), and held not to be improper commentary under the circumstances of that case. In view of the isolated nature of the remark and the extensive corrective instruction given by the court at defendant's request, it is highly unlikely that the prosecutor manifestly intended to comment on defendant's failure to testify or that the jury necessarily understood the remark to be of such a character. *See also United States v. Jennings*, 527 F.2d 862, 871 (5th Cir. 1976). There was no reversible error.

AFFIRMED.