**UNITED STATES of America, Plaintiff–Appellee,**

**v.**

**Leonard HOSKINS, Defendant–Appellant.**

**No. 79–5648**

**Summary Calendar.**

United States Court of Appeals, Fifth Circuit.

Sept. 4, 1980.

Certiorari Denied Nov. 10, 1980. See 101 S.Ct. 406.

Robyn J. Hermann, Asst. Federal Public Defender, Miami, Fla., for defendant–appellant.

Stephen B. Gillman, Asst. U. S. Atty., Miami, Fla., for plaintiff–appellee.

Before GODBOLD, KRAVITCH and HATCHETT, Circuit Judges.

PER CURIAM:

Appellant, an inmate of a federal correctional institution, was convicted of forcibly assaulting a federal officer in violation of 18 U.S.C. §§ 111, 1114. Because we find sufficient evidence to support the jury verdict and no merit to appellant's other grounds on appeal, we affirm.

The evidence shows that Officer Munne, observing what he considered suspicious activity on the part of inmate Hoskins, ordered Hoskins to go to the counselor's office to be searched. Instead Hoskins ran, with Munne in pursuit. The testimony of Munne that defendant turned and struck him, fracturing Munne's nose, is disputed. Hoskins denied that he struck Munne; he testified that Munne grabbed him and slammed him against the door. Because he was recovering from surgery and feared further injury, he ran. During the subsequent chase, Munne tripped and fell over a lawn sign. Appellant's testimony was corroborated by several other inmates. Hoskin's further testimony that his recent surgery prevented him from reaching his right arm above the shoulder was verified by a prison physician's assistant.

Appellant contends that the sole testimony of Munne was insufficient to sustain the conviction, especially in view of the conflicting evidence. A federal conviction, however, can be based on the uncorroborated testimony of a single witness. *United States v. Sabin*, 526 F.2d 857, 859 (5th Cir. 1976). Moreover, Munne's injury and the improbability of its having been caused by a fall on the grass supported his version of the episode which the jury obviously chose to believe. Credibility determinations are

in the province of the jury, not the appellate court, *United States v. Walker*, 613 F.2d 1349 (5th Cir. 1980); *United States v. Parker*, 586 F.2d 422 (5th Cir. 1978), *cert. denied*, 441 U.S. 962, 99 S.Ct. 2408, 60 L.Ed.2d 1067 (1979); *United States v. Stewart*, 585 F.2d 799 (5th Cir. 1978), and for testimony to be held incredible as a matter of law it must relate to facts that the witness could not possibly have observed, or events which could not have occurred under the laws of nature. *United States v. Palacios*, 612 F.2d 972 (5th Cir. 1980); *United States v. Garner*, 581 F.2d 481 (5th Cir. 1978).

Weighing the evidence in the light most favorable to the government, as we must under *Glasser v. United States*, 315 U.S. 60, 62 S.Ct. 457, 86 L.Ed. 680 (1942), we find the evidence sufficient to support the jury's verdict of guilty.

Appellant next argues that the court erred in refusing to allow a witness who testified as to his doubts as to Munne's honesty to explain by specific examples. Here the evidence adduced clearly was directed to Munne's honesty and truthfulness and the court correctly refused extrinsic evidence of specific conduct to explain the opinion of the witness. *See* Federal Rules of Evidence, Rules 404 and 608.

Hoskins also challenges the admissibility of rebuttal evidence relating to his own character and that of Munne. Proper objections were not made by appellant at trial and cannot be raised for the first time on appeal. *Peterson v. Weinberger*, 508 F.2d 45 (5th Cir.), *cert. denied*, 423 U.S. 830, 96 S.Ct. 50, 46 L.Ed.2d 47 (1975).

Appellant's final claim of prejudice from prosecutor's closing remarks is equally without merit. Taken as a whole, in the context of the entire evidence, the prosecutor's argument was not improper. *See United States v. Risi*, 603 F.2d 1193 (5th Cir. 1979); *United States v. Corona*, 551 F.2d 1386 (5th Cir. 1977).[1]

Accordingly, we AFFIRM.

---

1. Again, objection was not made at trial and will not be reversed on appeal unless plain error, which we do not find.