### AMERICAN HOME ASSURANCE COMPANY

v.

### James ALDREDGE et al.

Civ. A. No. 78–1988.

United States District Court, E. D. Louisiana.

Nov. 14, 1980.

Donald A. Hoffman, New Orleans, La., for plaintiff.

James A. Wysocki, New Orleans, La., for defendants.

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

BEER, District Judge.

To the extent any of the following findings of fact constitute conclusions of law, they are adopted as such. To the extent any conclusions of law constitute findings of fact, they are so adopted.

*Findings of Fact*

1. Plaintiff, American Home Assurance Company ("American Home," hereinafter), was a foreign insurance company authorized to do and doing business within the State of Louisiana.

2. Defendant, James Michael Aldredge ("Aldredge," hereinafter), was of the full age of majority and residing within this district at Houma, Louisiana.

3. On or about November 27, 1975, defendant was employed by Baker Oil Tools, Inc. as a wireline operator. On that day, defendant was working aboard a stationary platform located in Block 216, Gulf of Mexico, off the coast of Louisiana. While thus engaged in the course and scope of his employment, Aldredge sustained an injury to his back.

4. Plaintiff, as the Longshoremen's and Harbor Workers' compensation insurer of Baker Oil Tools, Inc., had, at all pertinent times, in force an insurance policy numbered WC358–61–78. Pursuant to this policy, plaintiff commenced payment of Longshoremen's and Harbor Workers' compensation benefits to defendant on November 28, 1975, at the weekly rate of $117.42. Such benefits were paid through June 2, 1977, for a total of $9,276.18. In addition, medical benefits in the amount of $1,217.21 were paid by American Home on behalf of Aldredge.

5. Subsequently, Aldredge instituted suit against Placid Oil Company (C.A. No. 76–416 in Section H of the United States District Court for the Eastern District of Louisiana), seeking civil damages from Placid Oil Company for the injuries sustained on November 27, 1975. On March 25, 1977, those two parties settled that suit for $16,000. American Home neither consented to nor sought to prevent this settlement.

6. However, the record shows that on September 21, 1977, American Home filed a motion to intervene in the Aldredge suit against Placid, seeking, thereby, to obtain judgment for compensation and medical expenses paid to Aldredge in the total sum of $10,493.39. This motion was declared moot on October 11, 1977, by Judge R. Blake West, as follows:

> "The Court having been advised that American Home Assurance Company has withdrawn its motion to intervene,
>
> IT IS ORDERED that the same be, and it is hereby, declared MOOT."

The settlement funds were, thereafter, dispersed on October 13, 1977. Then, on June 19, 1978, this suit was filed.

7. It is stipulated that American Home has not been reimbursed for any of the amounts of Longshoremen's and Harbor Workers' benefits tendered to and/or paid on behalf of defendant.

8. Endorsement No. 3 of the American Home insurance policy contains a "Blanket Waiver of Subrogation," wherein American Home agreed to waive rights of subrogation against any principal of its assured, when "... such waiver has been included as part of a contractual undertaking by the named insured, but this waiver shall apply only in respect to the specific contract existing between the named insurer and such principal and shall not be construed to be a waiver in respect of other operations of such principal in which the insurer has no contractual interest." At the time of Aldredge's injury aboard the Placid Oil Company platform (November 25, 1975), Baker Oil Tools, Inc. did not have a written contractual agreement with Placid Oil Company. Speculation by defendant that "Baker must have had some type of contractual arrangement with Placid or James Aldredge would not have been aboard Placid's stationary platform..." (as noted in defendant's motion for summary judgment) is insufficient. By the terms of the "Blanket Waiver of Subrogation," there must be an express written agreement between plaintiff's employer and the third–party defendant, wherein a waiver of subrogation was expressly granted in favor of the third party. No such situation has been shown to exist here.

9. The 1972 Amendments to the Longshoremen's and Harbor Workers' Compensation Act grant the carrier a lien for compensation paid, but do not set forth a prescriptive period for such claims.

10. Defendant contends that American Home's claim is time–barred, alleging this action should be governed by the prescriptive period set forth in 33 U.S.C. § 913. However, that section only controls the time period during which an employee may formally demand compensation.

11. In absence of a controlling prescriptive mandate, the doctrine of laches should apply. *Bongiovanni v. N. V. Stoomvaart–Matts "Oostzee,"* 458 F.Supp. 602 (S.D.N.Y., 1978).

12. With this in mind, I conclude that the October 11, 1977, withdrawal of the motion to intervene did not, standing alone, constitute any sort of waiver of American Home's statutory right to its

compensation lien. Accordingly, the eight–month delay between the intervention being declared moot (for whatever reason) and the filing of this suit would have to be an unreasonable delay for laches to apply.

13. There is not a sufficient indication that such delay has had a prejudicial effect as to cause this otherwise enforceable action to be dismissed.

### Conclusions of Law

1. The court has jurisdiction under the Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C. § 901 et seq., and diversity of citizenship, 28 U.S.C. § 1331.

Venue is properly within the Eastern District of Louisiana.

2. § 933(b) of the Longshoremen's and Harbor Workers' Compensation Act grants an assignment in favor of the employer to recover the compensation benefits tendered by the employer to its injured employee.

§ 933(h) of the Act subrogates the employer's compensation insurance carrier to all rights of the employer. 33 U.S.C. § 933.

██ 3. The fact that American Home tendered the compensation benefits to Aldredge without a formal order of award does not defeat American Home's right to recovery of the compensation benefits. *Albert v. Paulo*, 552 F.2d 1139 (5th Cir., 1977).

██ 4. The compensation carrier acquires the same right to reimbursement of longshoreman compensation out of any sums recovered by longshoreman as longshoreman's employer would be entitled to by way of statutory lien. Plaintiff was not limited to filing an intervention in longshoreman's action against Placid Oil Company in order to protect its lien for reimbursement; rather, American Home's action in filing suit after the settlement funds were dispersed pursuant to the March 25, 1977, settlement was all that was required. *Russo v. Flota Mercante Grancolombiana*, 303 F.Supp. 1404 (1969) (S.D.N.Y., 1969), 33 U.S.C. § 933.

5. The plaintiff's claim is not time–barred by laches, since the delay between the filing of the motion to intervene and the filing of the instant suit was not unreasonable. *Barrios v. Nelda Faye, Inc.*, 597 F.2d 881 (5th Cir., 1979). Neither inexcusable delay nor resulting prejudice to the defendant is apparent from the record.

6. Accordingly, American Home is entitled to judgment against Aldredge in the amount of $10,493.39.

Plaintiff's counsel shall submit a judgment consistent with these findings and conclusions.