# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

June 13, 2023

Lyle W. Cayce
Clerk

————————

No. 22-60580
Summary Calendar

————————

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

CAMERON L. HICKMAN,

*Defendant—Appellant*.

————————————————————————

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:19-CR-88-1

————————————————————————

Before SMITH, SOUTHWICK, and GRAVES, *Circuit Judges*.

PER CURIAM:[*]

Cameron Hickman appeals his conviction of aggravated sexual abuse of a child in violation of 18 U.S.C. §§ 1153 & 2241(c). He contends that the evidence was insufficient to support his conviction because the government failed to prove that he engaged in a "sexual act" with the victim, as required by § 2241(c). Our review is *de novo*. *See United States v. Garcia-Gonzalez*,

————————————

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

714 F.3d 306, 313 (5th Cir. 2013).

The term "sexual act" is defined, in relevant part, as "contact between the penis and the vulva or the penis and the anus," and "contact involving the penis occurs upon penetration, however slight." 18 U.S.C. § 2246(2)(A). The victim testified that Hickman removed her clothing, including her underwear, and that she felt Hickman's penis inside her body. The victim's mother testified that when she walked in on the assault, the victim was wearing underwear.

We disagree with Hickman's assertion that the victim's testimony was incredible as a matter of law. A federal conviction may "be based on the uncorroborated testimony of a single witness," *United States v. Hoskins*, 628 F.2d 295, 296 (5th Cir. 1980), and "[w]hether there were inconsistencies" in the victim's account "and, if so, how this affected [her] credibility, were questions for the jury," *United States v. De Los Santos*, 625 F.2d 62, 65 (5th Cir. 1980). Although the underwear was not collected as evidence, and swabs from the victim's sexual assault exam tested negative for seminal fluid, these facts do not foreclose the possibility of penetration.

We also reject Hickman's argument that the victim's testimony was incredible because it contradicted the laws of nature. Even if we were to accept his contention that penetration through underwear is physically impossible, the laws-of-nature "doctrine is used sparingly and should apply only where the underlying physical facts are themselves undisputed." *United States v. Hutson*, No. 92-4324, 1992 WL 366846, at *1 (5th Cir. Dec. 2, 1992) (unpublished but precedential per to 5TH CIR. R. 47.5.3). We decline to apply the doctrine here, where the pertinent underlying fact of whether the victim was wearing underwear during the assault is disputed.

Considered in the light most favorable to the government, the evidence was sufficient for a rational jury to conclude that Hickman committed

No. 22-60580

a sexual act as required by the statute of conviction. *See United States v. Vargas-Ocampo*, 747 F.3d 299, 301 (5th Cir. 2014) (en banc). Accordingly, the judgment of conviction is AFFIRMED.