Panagiotis **KOTSOPOULOS**, Plaintiff-Appellant,

v.

**ASTURIA SHIPPING CO., S.A., Hadjilias & Co., Ltd., and the S/T MERCURY, her engines, etc., Defendants-Appellees.**

No. 907, Docket 71–2165.

United States Court of Appeals, Second Circuit.

Submitted Aug. 16, 1972.

Decided Sept. 21, 1972.

Paul C. Matthews, New York City, for plaintiff-appellant.

Cichanowicz & Callan, New York City (Victor S. Cichanowicz and Nicholas D. Milano, New York City, on the brief), for defendants-appellees.

Before MANSFIELD and TIMBERS, Circuit Judges, and GURFEIN, District Judge.*

GURFEIN, District Judge:

This appeal raises the question whether the plaintiff in an admiralty action is entitled to interest as a matter of law on a judgment in his favor, from the date of entry of the judgment until it is paid, when the *plaintiff* has appealed from the judgment and the judgment has been affirmed.

The seaman's personal injury case here involved was tried before Hon. Charles H. Tenney, sitting without a jury in February and March 1968, jointly with the companion case of Stavros Repouskos against the same defendants. On June 5, 1968 the District Court filed its findings of fact and conclusions of law, finding for both plaintiffs against the defendants. After the filing of these findings and conclusions, Kotsopoulos moved to amend those pertaining to his damages and the defendants moved to amend those concerning negligence. On August 26, 1968 the Court did amend its findings and conclusions, increasing Kotsopoulos' damages to $52,500 and deleting mention of negligence on the part of the defendants. On September 12, 1968 judgment was entered in favor of both plaintiffs in accordance with the Court's order of August 26, 1968.

On September 30, 1968 plaintiff Kotsopoulos appealed from the judgment in his favor. On October 11, 1968 the defendants appealed from both judgments. On May 22, 1969 this Court affirmed both judgments without modification.

On June 6, 1969 plaintiff Kotsopoulos moved in the District Court to amend the judgments entered on September 12, 1968 so as to make the record show that they were entered on June 5, 1968. On July 31, 1969 Judge Tenney denied the plaintiff's motion. After noting that the date of judgment fell within the scope of the appellate court's mandate, thereby in the District Court's view probably removing its power to amend the judgment, the Court held that, in any event, the motion "is without substance, Lauro v. United States, 168 F.2d 714, 716 (2d Cir. 1948)."

On August 27, 1969, after the plaintiff had refused to accept the payment of the judgment unless it included interest for the period when the appeal was pending before this Court, an order was filed directing that the amount of the judgment entered ($52,500) be paid into the registry of the Court, and ordering that upon payment of the sum into the Court, the defendants would be released from any further liability in the matter and the Clerk of the Court would enter a satisfaction of judgment. In accordance with this order, the amount of the judgment, without interest, was paid into the registry of the Court on August 28, 1969.

On September 23, 1969 Kotsopoulos filed the instant appeal from the order of August 27, 1969, seeking to collect interest from the date of the judgment (September 12, 1968) until the date of payment (August 28, 1969).[1]

The difficulty on this appeal arises from the history of postjudgment inter-

---

* Of the United States District Court for the Southern District of New York, sitting by designation.

1. We hold the appeal to be timely. The appellees argue that the appeal should have been taken from the order filed July 31, 1969, which denied amendment of the judgment date; and that, hence, the notice of appeal filed September 23, 1969 was too late. We hold, however, that the appeal was properly taken from the *final* order filed on August 27, 1969, which was the first and only explicit order entered by the District Court directing that no interest was owing on the $52,500 judgment.

est where it is the plaintiff who has been the unsuccessful appellant. The appellees look to Lauro v. United States, *supra* (Learned Hand, J.), which was cited by the District Court, to support their argument that postjudgment interest was not allowable for the period while the appeal was pending. In *Lauro,* Judge Hand explained the so-called admiralty rule:

> However, by another peculiarity of admiralty practice, if a party takes an appeal from an award in his favor and is unsuccessful, he is not allowed interest pending the appeal upon what he got under the decree of the district court. The reason given has always been that by his appeal he has made it impossible for the appellee to discharge the debt; and this is a corollary of the doctrine already mentioned, that an appeal vacates the decree. The rule is well settled, and, so far as we have found, it is without exception . . . 168 F.2d at 716.

The appellant, on the other hand, contends that Rule 37 of the Federal Rules of Appellate Procedure, adopted in 1968, controls the case. Rule 37 reads in part:

> *Interest on Judgments.* Unless otherwise provided by law, if a judgment for money in a civil case is affirmed, whatever interest is allowed by law shall be payable from the date the judgment was entered in the district court, If a judgment is modified or reversed with a direction that a judgment for money be entered in the district court, the mandate shall contain instructions with respect to allowance of interest.

While there is no specific reference to the *Lauro* doctrine, the omission from Rule 37 of any exception to its general language for the case of the affirmance on an unsuccessful appeal by a plaintiff strongly suggests that no exception was intended.[2] On its face, the Rule states that after *any* affirmance, interest "shall be payable from the date the judgment was entered in the district court." The significance of the failure to make any exception in Rule 37 is even stronger if the *Lauro* doctrine prior to Rule 37 was not limited to admiralty cases, as was suggested by Judge Hand (although it was certainly of universal acceptance in the admiralty), but was of even more general application. We believe it was of more general application, at least in equity cases. See *e. g.,* Bates v. Dresser, 251 U.S. 524, 532, 40 S.Ct. 247, 64 L.Ed. 388 (1920); Clarke v. Hot Springs Electric Light & Power Co., 76 F.2d 918, 922–923 (10 Cir.), cert. denied, 296 U.S. 624, 56 S.Ct. 147, 80 L. Ed. 443 (1935); Annot., Interest Pending Appeal, 15 A.L.R.3d 411, 417 (1967). We think that Rule 37 was intended generally to avoid confusion and conflict of authority in all civil cases without distinction, except where a statute otherwise provides.

Rule 37 itself does not give any indication, moreover, that the old rule in admiralty cases, as such, excludes such cases from its coverage. Rule 37 refers to "civil" cases; and it must be remembered that the Rule was adopted in 1968, after the merger of the civil and admiralty rules in 1966. Rule 1 of the Federal Rules of Civil Procedure states that the Civil Rules "govern the procedure . . . in all suits of a civil nature whether cognizable as cases at law or in equity or in admiralty;" and Rule 2 declares that "[t]here shall be one form of action to be known as 'civil action.'" The Supreme Court has had the power, of course, since 1966, to make Fed.R. App.P. 37 applicable to admiralty cases. 28 U.S.C. § 2072. In fact the Advisory

---

2. The Advisory Note is not expressly in point. That reads, in part, as follows: .
    The first sentence makes it clear that if a money judgment is affirmed in the court of appeals, the interest which attaches to money judgments by force of law (see 28 U.S.C. § 1961 and § 2411) upon their initial entry is payable as if no appeal had been taken, whether or not the mandate makes mention of interest. There has been some confusion on this point. See Blair v. Durham, 139 F.2d 260 (6th Cir., 1943) and cases cited therein."

Committee note to Fed.R.App.P. 1 states that "[a]ll other rules [including Rule 37] apply to *all* proceedings in the courts of appeals" (emphasis supplied). See Waterman Steamship Corp. v. Gay Cottons, 419 F.2d 372, 373 (9 Cir. 1969).[3]

■■ The reason for the *Lauro* rule has disappeared, moreover, during the evolution of our procedural system. Judge Hand explained that the old rule resulted from the doctrine that an appeal vacated the lower Court decree and made it impossible for the appellee to discharge the judgment debt during its vacatur. The judgment of the Court below was regarded as though it had never been rendered. See The Lucille, 86 U.S. [19 Wall.] 73, 74, 22 L.Ed. 64 (1874)[4] Other courts have thought that the judgment of the trial Court was in suspense during the pendency of an appeal because the amount due became uncertain. See Annot., *supra*, at 415. The Rebecca Clyde, 20 F.Cas. p. 386 (No. 11,622) (C.C.S.D.N.Y.1875). The rationale was that since the judgment had been vacated pending appeal by the judgment creditor, the judgment debtor was unable to pay it. Now, however, the District Court's judgment is no longer vacated upon appeal, but rather upon remand its judgment becomes the judgment to be enforced. *Cf.* 4 E. Benedict, American Admiralty §§ 571–76 (6th ed. 1940). Nor is the appellee any longer prevented by the pendency of an appeal from provisionally discharging his debt, since he can, by leave of Court, pay the money into the registry of the Court and stop the running of interest. Fed.R.Civ.P.

67; Shaver Transportation Co. v. Chamberlain, 399 F.2d 893, 895 (9 Cir. 1968).

Finally, the old rule of *Lauro* was based more on formal considerations than equitable ones. There is no reason why a judgment creditor should be penalized for contesting the amount of the judgment in his favor if he thinks it inadequate, at least in the absence of a showing of bad faith or delay in prosecution of the appeal. On the contrary, the circumstance that during the pendency of the appeal the judgment debtor has the use of the money owing to the judgment creditor warrants the award of interest.

■ We now hold, therefore, that in view of the promulgation of Rule 37, *Lauro* no longer states the applicable law. *Cf.* Winnick v. Manning, 460 F.2d 545, 550 (2 Cir. 1972). We hold further that this later-adopted rule compels the award of interest from the date of judgment until the date of payment, despite the intervening unsuccessful appeal by the plaintiff.

This brings us to the final question of the *rate* of interest. Here the parties also disagree, with the appellant saying that New York law governs while the appellees would look to Federal law.

■ It is true that *prejudgment* interest is governed by maritime rather than State law. Moore-McCormack Lines, Inc. v. Amirault, 202 F.2d 893, 897 (1 Cir. 1953); Ore Carriers of Liberia, Inc. v. Navigen Co., 305 F.Supp. 895, 898 (S.D.N.Y.1969), aff'd, 435 F.2d 549 (2 Cir. 1970).[5]

---

3. Cf. Lettsome v. United States, 434 F.2d 907, 909 (5 Cir. 1970) which indicates that only the special status of the suit, *viz.*, being one against the United States, took that case out of Rule 37 and into the realm of the special statute (46 U.S.C. § 743) which governs admiralty cases against the United States.

4. "An appeal in admiralty has the effect to supersede and vacate the decree from which it was taken." 86 U.S. at 74.

5. *Moore-McCormack*, 202 F.2d at 898, also recites the rule that prejudgment in-

terest is within the discretion of the admiralty court. It is apparently this rule that the appellees had in mind when they argued, without citation of authority, that "[i]n an admiralty action the allowance or disallowance of interest is a matter within the discretion of the court. The Court below obviously exercised such discretion" when it denied interest. On the contrary, we now hold that allowance of postjudgment interest under Rule 37 was not discretionary with the Court below.

Postjudgment interest is governed, however, by Fed.R.App.P. 37 which, by its phrase "allowed by law," refers us to 28 U.S.C. § 1961. That section in turn provides that for "civil cases . . . the rate allowed by State law" shall govern. We believe that § 1961 applies to this case by the power given to the Supreme Court in 1966 to prescribe rules and procedures in "admiralty and maritime cases" (28 U.S.C. § 2072). Those cases become "civil case[s]." The First Circuit in *Moore-McCormack*, 202 F.2d at 895, assumed, even before the 1966 amendment, that in an admiralty case involving postjudgment interest state law would govern under Section 1961. Finally, the universal application of Section 1961 to all types of claims makes for logical uniformity. Once a claim is reduced to judgment, the original claim is extinguished and merged into the judgment; and a new claim, called a judgment debt, arises. See Restatement of Judgments § 47 (1942). A single rule should govern interest on any such debt, the nature of the original claim having become irrelevant under the doctrine of merger.

Accordingly, under 28 U.S.C. § 1961 we must turn to New York law. That law (N.Y.C.P.L.R. § 5004; N.Y.Gen.Obl. Law, McKinney's Consol. Laws, c. 24–A, § 5–501(1)), as interpreted by this Court, requires that the judgment entered on September 12, 1968 bear interest at 7.25% per annum from that date until February 15, 1969 and at 7.50% per annum from February 16, 1969 to August 28, 1969, the day the judgment debt was paid into the registry of the District Court. Trans World Airlines, Inc. v. Hughes, 449 F.2d 51, 81 (2 Cir. 1971), cert. granted, 405 U.S. 915, 92 S. Ct. 960, 30 L.Ed.2d 785 (1972); 3 N.Y. C.R.R. § 4.1.[6] The order below is reversed and the case is remanded for the entry of judgment in conformity with this opinion.

6. It may be noted that, effective September 1, 1972, the rate is changed to 6%. N.Y.Laws 1972, ch. 358.