997 F.2d 1340
 1993-2 Trade Cases P 70,335, 26 Fed.R.Serv.3d 383
 DeLONG EQUIPMENT COMPANY, Plaintiff-Appellant, Cross-Appellee,
v.
WASHINGTON MILLS ELECTRO MINERALS CORP., f/k/a Washington
Mills Abrasive Co., Washington Mills Ceramic
Corp., John T. Williams and Peter
Williams,
Defendants-
Appellees,
Cross-Appellants.
 No. 92-8049.
 United States Court of Appeals,
Eleventh Circuit.
 July 29, 1993.
 
 William E. Sumner, Sumner & Hewes, David A. Webster, Atlanta, GA, for appellant.
 Paul Webb, Jr., Philip S. Coe, Webb & Daniel, Atlanta, GA, for appellees.
 Appeals from the United States District Court for the Northern District of Georgia.
 Before KRAVITCH, Circuit Judge, GODBOLD and OAKES*, Senior Circuit Judges.
 PER CURIAM.
 
 
 1
 On May 17, 1993, we issued an opinion in this case reversing the district court's grant of a new trial on Sherman Act antitrust and common law fraud claims, 990 F.2d 1186. That decision will result in the reinstatement of jury verdicts in favor of the plaintiff, DeLong Equipment Co. ("DeLong"), for $6,099,885 (after trebling) on the Sherman Act claim and for $117,824 on the common law claims.
 
 
 2
 Our original opinion contained no instructions to the district court concerning the award of postjudgment interest. Consequently, DeLong has moved that we amend the mandate to indicate that interest should be awarded from the date of the original judgment. We agree with DeLong that interest should accrue from September 20, 1990, the date of the original judgment, and amend our mandate accordingly.
 
 DISCUSSION
 
 3
 Our ruling is guided by 28 U.S.C. § 1961 (1988), which states that postjudgment interest is mandatory, and by Rule 37 of the Federal Rules of Appellate Procedure, which states in relevant part that
 
 
 4
 [i]f a judgment is modified or reversed with a direction that a judgment for money be entered in the district court, the mandate shall contain instructions with respect to allowance of interest.
 
 
 5
 Awarding interest from the date of the district court judgment is the usual rule when that judgment is affirmed. Fed.R.App.P. 37. However, the default rule when an appellate court reinstates a vacated judgment is that interest accrues from the date of the judgment on remand. Briggs v. Pennsylvania R. Co., 334 U.S. 304, 68 S.Ct. 1039, 92 L.Ed. 1403 (1948). The Briggs Court reasoned that the district court had no power to award money not mentioned in the mandate, and so if instructed to reinstate a verdict it could award only the amount named in that verdict. Rule 37 codifies Briggs; the advisory committee stated that the rule "is a reminder to the court, the clerk and counsel of the Briggs rule". See also 16 Wright & Miller, Fed. Pract. & Proc. § 3983 at 462-63 (1977).
 
 
 6
 While the default rule of Briggs and Rule 37 defines the limits of district court authority, it does not aid an appellate court in determining how to instruct a district court on the award of postjudgment interest. Much of the case law indicates that an appeals court has discretion to select an appropriate date from which interest should run. See, e.g., Affiliated Capital Corp. v. City of Houston, 793 F.2d 706, 709-10 (5th Cir.1986) (en banc) (awarding interest only from date of judgment on remand in antitrust case because case was weak, plaintiff's right to money not established until appeal final, and trebling eliminates concern that plaintiff is not fully compensated for loss if does not receive interest for the time between verdict and judgment).
 
 
 7
 In cases such as this one, which reinstate a jury verdict for the plaintiff, we think that equity ordinarily, and perhaps always, commands that interest be awarded from the date of the original judgment. There are several reasons for this. First, and most important, it is necessary to protect the integrity of the jury verdict. The jury in this case awarded DeLong approximately $6 million as of September, 1990, not $6 million as of May, July or August, 1993. The value of six million September, 1990 dollars is not $6 million today, but what $6 million would have grown to in the interim. Since we have not held that the jury awarded DeLong more than it should have, we should not undermine the jury verdict by refusing to grant the interest necessary to maintain its value. We think DeLong might have a serious Seventh Amendment claim if we were to rule otherwise.
 
 
 8
 Secondly, we note that Washington Mills has been able to put the $6 million to use, presumably earning some sort of interest, for nearly three years since a jury found that it had violated the antitrust laws. It would receive a windfall if it were not to pay DeLong for use of the funds for this time--apparently a benefit worth roughly $1.5 million. That the district court erroneously set aside the earlier judgment should not result in a transfer of wealth from Washington Mills to its victim, DeLong. In short, the flip side of the potential windfall to Washington Mills would be a penalty to DeLong: as the First Circuit stated in a similar case, "[c]alculating interest from the date of the second judgment would penalize [the plaintiff] for the trial judge's error." Cordero v. De Jesus-Mendez, 922 F.2d 11, 18 (1st Cir.1990).
 
 
 9
 Our reasoning is entirely consistent with Briggs and Rule 37. The only basis for the Briggs default rule was to establish the limits of district court authority: when faced with a mandate to award $x, a district court may not award $x plus interest from an earlier date. We eliminate this concern by instructing the district court to do exactly what logic, equity and perhaps the Seventh Amendment require: to award $x plus interest from the date of the earlier judgment. This reasoning is also consistent with prior precedent of the Fifth Circuit, still binding on this court. Woods Exploration & Producing Co. v. Aluminum Co. of Am., 509 F.2d 784 (5th Cir.1975) (interest should be awarded from "date judgment should properly have been entered"), cert. denied, 423 U.S. 833, 96 S.Ct. 59, 46 L.Ed.2d 52 (1975).[1]
 
 
 10
 Washington Mills, citing the Affiliated Capital case, argues that equity instead supports an award of interest from the date of the judgment on remand. The company notes that (1) in a treble damages case, a plaintiff still is more than compensated for its losses; and (2) that, because the case was difficult and DeLong's right to the funds was not clear until the appellate judgment was issued, the delay was not a means of, or an effort to, transfer wealth from one party to the other.
 
 
 11
 We find neither of these arguments persuasive. First of all, the law does not exempt punitive damages from postjudgment interest. We think it would be odd indeed to hold, in the name of equity, that an antitrust wrongdoer should, merely because the district court erred, be able to use the money it owes a plaintiff on account of having violated the antitrust laws to earn interest which will help blunt the sting of the treble damage award it must pay. Such a windfall, which would amount to some $1.5 million in this case, mocks the treble-damage punishment imposed by Congress and surely cannot be supported by resort to notions of "equity."
 
 
 12
 As for the argument that DeLong's case was weak, we think this is both an attempt to repackage the arguments which did not persuade us on appeal, and irrelevant. Having held that the jury's verdict was supported by the evidence, we will not undermine it by refusing to grant DeLong the interest necessary to sustain its value. To the extent that the Affiliated Capital case is inconsistent with this view, we disagree with it. While Rule 37 allows an appellate court to select an appropriate date from which interest should run, we do not think this power would allow us, in a case reinstating a jury verdict on grounds that the jury was correct, to refuse to grant interest from the date judgment would have been entered in the plaintiff's favor if the district court had not erred. Any other rule would interfere with the right to jury trial by effectively reducing the jury award without a holding that the jury granted an inappropriate figure. This reading does not leave Rule 37 an empty vessel. Rather, Rule 37 still serves at least three purposes: to remind the courts of Briggs, thereby ensuring that mandates to district courts take the interest problem into account; perhaps to permit courts to award interest from the date judgment would have been entered following a jury verdict, had the district court not erroneously granted a jnov or otherwise disregarded the verdict, despite the command of 28 U.S.C. § 1961 and Kaiser Alum. & Chem. Corp. v. Bonjorno, 494 U.S. 827, 110 S.Ct. 1570, 108 L.Ed.2d 842 (1990), that interest be awarded from the date of judgment; and to permit calculations to be made from any appropriate date where the appeals court issues a mandate to award cash in an amount different from a jury verdict.[2]
 
 
 13
 Finally, we note that 28 U.S.C. § 1961(a) provides that the interest rate be the yield of fifty-two week Treasury bills, settled immediately prior to the date of judgment; and that 28 U.S.C. § 1961(b) provides that interest be computed daily and compounded annually. According to DeLong and to the original judgment of the district court, the applicable interest rate in this case is 7.95%. Washington Mills has not disputed this figure.
 
 CONCLUSION
 
 14
 Accordingly, we amend our May 17, 1993 order to instruct the trial court to award DeLong post-judgment interest at the rate of 7.95% accruing since September 20, 1990, computed daily and compounded annually, on the $6,099,885 awarded (after trebling) on the Sherman Act damages and on the $117,824.00 awarded as common law fraud damages.
 
 
 
 *
 Honorable James L. Oakes, Senior U.S. Circuit Judge for the Second Circuit, sitting by designation
 
 
 [1]
 The Fifth Circuit, in the Affiliated Capital case, overruled Woods Exploration. That ruling is not, however, binding on this court. Similarly, although the Supreme Court rejected the narrow holding of Woods Exploration in Kaiser Alum. and Chem. Corp. v. Bonjorno, 494 U.S. 827, 110 S.Ct. 1570, 108 L.Ed.2d 842 (1990) (holding that, because 28 U.S.C. § 1961 states that interest "shall" be awarded from the date of "judgment," no other date can be used), that case did not cast doubt on the Woods case's larger point that the earlier date is the one from which equity normally requires the accrual of postjudgment interest to run. In this case, there was an original judgment, as well as a verdict, for DeLong
 
 
 [2]
 When the judgment on remand, though for the plaintiff, differs in some way from the original judgment, it may also be unfair to force the defendant to pay interest from the earlier date, because the correct amount of damages may not have been sufficiently ascertainable until after appellate review