Dr. Raymond G. **TRONZO,**
Plaintiff–Appellee,

v.

**BIOMET, INC.,** Defendant–Appellant.

No. 01–1585.

United States Court of Appeals,
Federal Circuit.

Feb. 12, 2003.

James F. Davis, Howrey Simon Arnold & White, LLP, of Washington, DC, argued

for plaintiff-appellee. With him on the brief was Celine T. Callahan. Of counsel on the brief were Robert S. Hackelman and George LeMieux, Gunster, Yoakley & Stewart, P.A., of Fort Lauderdale, FL.

Donald R. Dunner, Finnegan, Henderson, Farabow, Garrett & Dunner, L.L.P., of Washington, DC, argued for defendant-appellant. With him on the brief was Don O. Burley. Of counsel on the brief was Erik R. Puknys, Finnegan, Henderson, Farabow, Garrett & Dunner, L.L.P., of Palo Alto, CA.

Before NEWMAN, LOURIE, and SCHALL, Circuit Judges.

PAULINE NEWMAN, Circuit Judge.

Biomet, Inc. appeals the decision of the United States District Court for the Southern District of Florida[1] granting Dr. Raymond G. Tronzo post-judgment interest from August 6, 1996 on his punitive damages award. We conclude that interest on this part of the judgment runs from the date of the district court's Fourth Amended Final Judgment, July 27, 2001, entered after appellate reversal of the reduction in punitive damages.

## DISCUSSION

In Dr. Tronzo's suit against Biomet the jury rendered special verdicts of patent infringement, fraud, and breach of confidential relationship. The jury awarded Dr. Tronzo compensatory damages of $3,805,000, which the district court enhanced by $1,902,500 based on the verdict of willful infringement, and punitive damages of $20,000,000. *Tronzo v. Biomet, Inc.*, 950 F.Supp. 1149, 41 USPQ2d 1403 (S.D.Fla.1996) (*Tronzo I* ). On appeal this court affirmed the verdicts of liability as to the tort claims, but ruled that Dr. Tronzo's patent was invalid, and remanded for re-

computation of compensatory damages. The award of punitive damages was not appealed. *Tronzo v. Biomet, Inc.*, 156 F.3d 1154, 47 USPQ2d 1829 (Fed.Cir.1998) (*Tronzo II* ). On remand the district court recomputed the compensatory damages as limited to the fees that Dr. Tronzo had paid to the U.S. Patent and Trademark Office, amounting to $520. The district court reduced the punitive damages award to $52,000, deeming the original award excessive in light of the reduction in compensatory damages. *Tronzo v. Biomet, Inc.*, No. 91–8175 (S.D.Fla. Aug.27, 1999) (*Tronzo III* ). Dr. Tronzo appealed, and this court affirmed the reduced compensatory damages but reversed the reduction in punitive damages, holding that in disturbing the unappealed punitive award, the district court exceeded its mandate on remand. *Tronzo v. Biomet, Inc.*, 236 F.3d 1342, 57 USPQ2d 1385 (Fed.Cir.2001) (*Tronzo IV* ).

Back in the district court, the parties disputed the calculation of interest on the punitive damages. Dr. Tronzo argued that interest should run from the initial judgment in 1996, while Biomet argued that it should run from the date of the district court's action on this court's mandate in *Tronzo IV.* The district court agreed with Dr. Tronzo, and awarded interest from the 1996 date. *Tronzo v. Biomet, Inc.*, No. 91–8175 (S.D. Fla. July 27, 2001, corrected August 20, 2001) (*Tronzo V* ). This appeal by Biomet followed.

## I

Interest on a judgment in a civil case runs from "the date of the entry of the judgment" in the district court. 28 U.S.C. § 1961. Rule 37(a) of the Federal Rules of Appellate Procedure provides that if a money judgment is affirmed on appeal,

---

1. *Tronzo v. Biomet, Inc.,* No. 91–8175 (S.D.Fla. Aug.20, 2001).

interest runs from the date of entry of the original judgment:

> Rule 37(a). Unless the law provides otherwise, if a money judgment in a civil case is affirmed, whatever interest is allowed by law is payable from the date when the district court's judgment was entered.

When a money judgment is modified or reversed on appeal, the appellate court is required to decide questions of interest:

> Rule 37(b). If the court modifies or reverses a judgment with a direction that a money judgment be entered in the district court, the mandate must contain instructions about the allowance of interest.

Precedent establishes that when, as here, the appellate court's mandate did not contain the requisite instructions, the district court is powerless to award interest other than as provided in 28 U.S.C. § 1961, that is, from the date the district court enters judgment on return of the mandate. *See* 16A Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice & Procedure* § 3983 (3d ed. 1999) ("If the mandate of the court of appeals says nothing about interest, despite the command of Rule 37, it will be assumed that interest commences from the date of entry of the appellate court judgment."); *Briggs v. Pennsylvania R. Co.*, 334 U.S. 304, 306, 68 S.Ct. 1039, 92 L.Ed. 1403 (1948) ("The [appellate] court's mandate made no provision for such interest and the trial court had no power to enter judgment for an amount different than directed.") In this case, however, the district court on return of the mandate awarded interest from the date of the initial judgment, reasoning that in *Tronzo IV* this court simply reinstated the punitive damages award of *Tronzo I.*

Biomet argues that because the award of *Tronzo I* was reduced to $52,000 by the district court in *Tronzo III,* and was re-

stored to $20,000,000 only by *Tronzo IV,* the judgment was necessarily "modified" in terms of Rule 37(b). Dr. Tronzo argues that the reduction of the award in *Tronzo III* should be deemed a nullity, for our decision in *Tronzo IV* was on the basis that the district court had no authority to reduce the initial award. Dr. Tronzo states that Rule 37(a) is the applicable rule, and that our failure in *Tronzo IV* to comply with Rule 37(b) invoked Rule 37(a) as to the initial award.

Dr. Tronzo also states that Rule 37(b) does not apply because our decision in *Tronzo IV* did not "modify or reverse" the district court's judgment but simply corrected an action that the district court had no authority to take, and because in *Tronzo IV* we did not "direct the entry of a money judgment." Dr. Tronzo bases this conclusion on the absence of the word "remanded" from our judgment in *Tronzo IV,* which concluded with the phrase "affirmed-in-part and reversed-in-part." However, all appellate judgments are returned to the district court for entry and implementation; the district court regains jurisdiction when the appellate mandate issues. *See Exxon Chemical Patents, Inc. v. Lubrizol Corp.,* 137 F.3d 1475, 1483, 45 USPQ2d 1865, 1871 (Fed.Cir.1998) ("every appellate court judgment vests jurisdiction in the district court to carry out some further proceedings").

Our decision in *Tronzo IV* did "modify or reverse" the district court's judgment in *Tronzo III,* for absent our decision the punitive damages were set at $52,000. Thus Rule 37(b) should have been followed, and our decision in *Tronzo IV* was flawed in its failure to instruct as to interest. The Advisory Committee Notes to Rule 37 state: "Since the rule directs that the matter of interest be disposed of by the mandate, in cases where interest is simply overlooked, a party who conceives

himself entitled to interest from a date other than the date of entry of judgment in accordance with the mandate should be entitled to seek recall of the mandate for determination of the question." However, neither side pointed out our oversight when it occurred, or requested our remedial action.

Upon this appellate lapse, the dispute as to interest was presented to the district court. However, the responsibility and authority for this determination is assigned to the appellate tribunal. On this appeal, we give the matter plenary review.

## II

The application of Rule 37 is not unique to judgments in patent cases, and thus we look to the law of the regional circuit for guidance. *See Transmatic, Inc. v. Gulton Industries, Inc.*, 180 F.3d 1343, 1348, 50 USPQ2d 1591, 1595 (Fed.Cir.1999) (applying regional circuit law to determination of interest and date of accrual); *National Presto Industries, Inc., v. West Bend Co.*, 76 F.3d 1185, 1188 n. 2, 37 USPQ2d 1685, 1686 n. 2 (Fed.Cir.1996) ("On procedural matters not unique to the areas that are exclusively assigned to the Federal Circuit, the law of the regional circuit shall be applied.").

Guidance has been provided by the Court in *Kaiser Aluminum & Chemical Corp. v. Bonjorno*, 494 U.S. 827, 835–36, 110 S.Ct. 1570, 108 L.Ed.2d 842 (1989), adding rigor to the view of some courts of appeals that Rule 37(b) grants them broad discretion in connection with post-judgment interest. *See, e.g., Smith v. National Railroad Passenger Corp.*, 856 F.2d 467, 473 (2d Cir.1988) ("[Rule 37] gives appellate courts discretion to decide the issue on a case-by-case basis.... Consequently, this Court has the discretion under Rule 37 to decide in a particular case whether

interest should run from the date of the original jury verdict."); *Affiliated Capital Corp. v. City of Houston*, 793 F.2d 706, 709–10 (5th Cir.1986) (en banc) (exercising discretion and awarding interest only from date of judgment after remand in antitrust case because case was weak, plaintiff's right to money was not established until appeal, and obligatory trebling eliminates concern for adequate compensation).

The Court in *Kaiser* established a "meaningful ascertainment" test for determining when post-judgment interest should begin, measured by when the amount of damages was meaningfully ascertained. Within this framework, the courts have continued to exercise discretion under Rule 37(b), implementing the underlying principle of adequacy of compensation through interest. *See DeLong Equipment Co. v. Washington Mills Electro Minerals Corp.*, 997 F.2d 1340, 1342 (11th Cir.1993) ("In cases such as this one, which reinstate a jury verdict for the plaintiff, we think that equity ordinarily, and perhaps always, commands that interest be awarded from the date of the original judgment.") Dr. Tronzo directs particular attention to *Johansen v. Combustion Engineering, Inc.*, 170 F.3d 1320 (11th Cir. 1999), wherein a jury awarded punitive damages of $15 million, and three years later the district court determined that the award was constitutionally excessive and reduced it to $4.35 million. The Eleventh Circuit affirmed the reduction, and held that interest on the reduced award was to run from the entry of the original, albeit later reduced, judgment. *See id.* at 1339 ("When an original judgment is not completely vacated, the date from which post-judgment interest runs turns on the degree to which the original judgment is upheld or invalidated.") In contrast, in *Gele v. Wilson*, 616 F.2d 146 (5th Cir.

1980)[2], interest was awarded from the date of the appellate mandate where the prevailing party failed to bring the omission of the issue from the mandate to the attention of the court of appeals through a motion to recall and amend the mandate. *See id.* at 149 ("Consistent with the result in *Briggs,* this court has held that where interest is simply overlooked, a party who conceives himself to be entitled to interest from a date other than judgment on remand should seek reformation of this court's mandate in a petition for rehearing. One who fails to seek such a reformation may not later complain that the district court should have calculated interest from an earlier date.") (citations omitted).

In *DeLong Equipment, supra,* the court pointed out that "[m]uch of the case law indicates that an appeals court has discretion to select an appropriate date from which interest should run." 997 F.2d at 1342. In Dr. Tronzo's case, after the initial compensatory and punitive damages award his patent was held invalid in *Tronzo II,* and not until *Tronzo IV* were the full punitive damages reinstated. Dr. Tronzo did not ask us to reform our mandate in *Tronzo IV,* in compliance with Rule 37, until his brief for this appeal, more than fourteen months after the mandate issued in *Tronzo IV. See Gele,* 616 F.2d at 149 (declining to reform mandate when the party failed to ask for reformation in a petition for rehearing); *Lee v. Terminal Transport Co.,* 301 F.2d 234, 236 (7th Cir. 1962) (declining to reform mandate when plaintiffs waited twenty-nine months be-

fore asking the court to reform the mandate). On the history of these proceedings, we deem it appropriate to apply the disposition of *Vickers v. Chiles Drilling Co.,* 882 F.2d 158, 159 (5th Cir.1989), wherein the court stated:

> Even if this [failure to award interest from the first judgment] is the result of inadvertence on the part of the appellate court, the appropriate procedure is to file a motion to reform the mandate under Federal Rule of Appellate Procedure 37. Since no such motion was filed, we reverse the district court insofar as it awarded post-judgment interest on Vickers' future losses, and render the judgment to grant interest on the award of $119,554.00 from September 29, 1988, the date of the second judgment in this case.

Applying this principle, we vacate the award of post-judgment interest from August 6, 1996, and conclude that interest shall accrue from the date of the final judgment entered in the district court after the mandate issued in *Tronzo IV, viz.* July 27, 2001.

No costs.

*VACATED, MODIFIED.*

---

**2.** The Eleventh Circuit has held that decisions of the Fifth Circuit handed down before September 30, 1981, are binding precedent upon it. *See Bonner v. City of Prichard,* 661 F.2d 1206, 1207 (11th Cir.1981) (*en banc*) ("the decisions of the United States Court of Ap-

peals for the Fifth Circuit ..., as that court existed on September 30, 1981, handed down by that court prior to the close of business on that date, shall be binding as precedent in the Eleventh Circuit").