# United States Court of Appeals for the Federal Circuit

2007-1409, -1436

MARS, INCORPORATED,

Plaintiff/Counterclaim Defendant-
Appellant,

and

MARS ELECTRONICS INTERNATIONAL, INC.,

Plaintiff/Counterclaim Defendant,

and

M&M/MARS INCORPORATED,

Counterclaim Defendant,

v.

COIN ACCEPTORS, INC.,

Defendant/Counterclaimant-
Cross Appellant.

John B. Pegram, Fish & Richardson P.C., of New York, New York, argued for plaintiff/counterclaim defendant-appellant. With him on the brief were Autumn J.S. Hwang; and Michael E. Florey and Kraig A. Jakobsen, of Minneapolis, Minnesota.

Kenneth J. Mallin, Bryan Cave LLP, of St. Louis, Missouri, argued for defendant/counterclaimant-cross appellant. With him on the brief was K. Lee Marshall.

Appealed from: United States District Court for the District of New Jersey

Senior Judge John C. Lifland

# United States Court of Appeals for the Federal Circuit

2007-1409, -1436

MARS, INCORPORATED,

Plaintiff/Counterclaim Defendant-Appellant,

and

MARS ELECTRONICS INTERNATIONAL, INC.,

Plaintiff/Counterclaim Defendant,

and

M&M/MARS INCORPORATED,

Counterclaim Defendant,

v.

COIN ACCEPTORS, INC.,

Defendant/Counterclaimant-Cross Appellant.

Appeals from the United States District Court for the District of New Jersey in Case No. 90-CV-00049, Senior Judge John C. Lifland.

Before LINN, CLEVENGER, and PROST, Circuit Judges.

Linn, Circuit Judge.

O R D E R

On June 2, 2008, this court entered judgment on an appeal by Mars, Incorporated ("Mars") and a cross appeal by Coin Acceptors, Inc. ("Coinco"). That judgment affirmed-in-part and reversed-in-part the judgment of the district court, and remanded "for recalculation of damages for the period prior to 1996 and for further proceedings." Mars, Inc. v. Coin Acceptors, Inc., 527 F.3d 1359, 1374 (Fed. Cir. 2008). Our mandate on that judgment entered on July 7, 2008. In accordance with Federal

Rule of Appellate Procedure 41(a) and Federal Circuit Rule 41, that mandate consisted of a certified copy of this court's final judgment and a copy of this court's opinion.

Mars has brought a motion requesting that we recall this mandate and enter an amended mandate instructing the district court to award post-judgment interest. Specifically, Mars alleges that the mandate was deficient under Federal Rule of Appellate Procedure 37(b), which requires that "[i]f the court modifies or reverses a judgment with a direction that a money judgment be entered in the district court, the mandate must contain instructions about the allowance of interest."

"[T]he power to recall a mandate should be exercised sparingly and only upon a showing of good cause . . . ." In re Snyder, 557 F.2d 820, 821 (CCPA 1977); see also Calderon v. Thompson, 523 U.S. 538, 550 (1998) ("In light of 'the profound interests in repose' attaching to the mandate of a court of appeals . . . the power can be exercised only in extraordinary circumstances."). Nevertheless, recall is appropriate when a mandate does not contain instructions concerning the allowance of interest on a money judgment as required by Rule 37(b). See Fed. R. App. P. 37 advisory committee's note (1967) ("Since the rule directs that the matter of interest be disposed of by the mandate, in cases where interest is simply overlooked, a party who conceives himself entitled to interest from a date other than the date of entry of judgment in accordance with the mandate should be entitled to seek recall of the mandate for determination of the question."); see also Tronzo v. Biomet, Inc., 318 F.3d 1378, 1380-81 (Fed. Cir. 2003) (quoting advisory committee note approvingly); Planned Parenthood of Columbia/Willamette Inc. v. Am. Coal. of Life Activists, 518 F.3d 1013, 1022 (9th Cir. 2008) (en banc) (recalling mandate for noncompliance with Rule 37(b)); Hall v. White,

2007-1409, -1436                    2

Getgey, Meyer Co., LPA, 465 F.3d 587, 593 (5th Cir. 2006) (same); DeLong Equip. Co. v. Wash. Mills Electro Minerals Corp., 997 F.2d 1340, 1343 (11th Cir. 1993) (same). Moreover, the Supreme Court has made clear that, when an appellate court modifies or reverses a judgment and its mandate does not provide for interest from the date of that judgment, a district court is powerless to award such interest and that an award of such interest "could be done only by amendment of the mandate." Briggs v. Pa. R.R. Co., 334 U.S. 304, 306 (1948).

In this case, we reduced the amount of the district court's damages award by holding that Mars lacked standing to recover damages on sales from 1996 to 2003. See Mars, 527 F.3d at 1369. We affirmed the award of damages to Mars at a 7% reasonable royalty rate for sales prior to 1996, and we remanded to the district court for a calculation of the amount of damages based on those sales. See id. 1374. Our decision therefore "modifie[d]" the district court's judgment within the meaning of Rule 37(b). Our mandate erroneously did not contain any instruction concerning an award of interest. It was therefore improper under Rule 37(b), and recall of the mandate is appropriate.

"[T]he responsibility and authority for [determining whether a party to an appeal is entitled to post-judgment interest] is assigned to the appellate tribunal." Tronzo, 318 F.3d at 1381. "The application of Rule 37 is not unique to judgments in patent cases, and thus we look to the law of the regional circuit for guidance." Id. In the Third Circuit, "[t]he standard for determining whether post-judgment interest should run from the original judgment . . . turns on the degree to which the original judgment was upheld or invalidated on appeal." Loughman v. Consol-Pennsylvania Coal Co., 6 F.3d 88, 97 (3d

Cir. 1993). The application of this standard is "often very fact specific," and focuses on whether a case resembles more an affirmance or a complete reversal. Id. at 98. More specifically, plaintiffs are generally entitled to post-judgment interest under Third Circuit law when "liability and damages, as finally determined, were ascertained or established in the first judgments" of the district court. Id.

In this case, the parties do not dispute that, under the Third Circuit's Loughman test, our opinion is closer to an affirmance. This is because we did not alter the district court's liability determination, but merely remanded for recalculation of damages for a more limited time period. See Coinco's Opp'n Br. 14; Mars's Reply Br. 7-8. Thus, under Third Circuit law, the date from which post-judgment interest runs in this case is May 22, 2007—the date of the district court's final judgment.

Coinco offers two arguments against any award of post-judgment interest to Mars. First, Coinco argues that Mars is precluded from collecting post-judgment interest during the pendency of this appeal because it unsuccessfully appealed an award of damages in its favor. Coinco relies on various cases applying an old common-law rule under which, "if a party takes an appeal from an award in his favor and is unsuccessful, he is not allowed interest pending the appeal upon what he got under the decree of the district court. The reason given has always been that by his appeal he has made it impossible for the appellee to discharge the debt . . . ." Lauro v. United States, 168 F.2d 714, 716 (2d Cir. 1948) (footnote omitted). At least one other circuit has recognized, however, that "in view of the promulgation of Rule 37, [the so-called Lauro rule] no longer states the applicable law." Kotsopoulos v. Asturia Shipping Co., 467 F.2d 91, 94 (2d Cir. 1972). Rule 37(a) requires that, when a judgment is affirmed

on appeal, "whatever interest is allowed by law is payable from the date when the district court's judgment was entered"—no matter which party appeals. There is no exception under Rule 37 that precludes a party from recovering interest simply because it appeals a judgment in its favor. Moreover, as the Kotsopoulos court noted, "[t]he reason for the Lauro rule has disappeared," because under Rule 67 the appellee is no longer "prevented by the pendency of an appeal from provisionally discharging his debt, since he can, by leave of Court, pay the money into the registry of the Court and stop the running of interest." Kotsopoulos, 467 F.2d at 94. Although there is no controlling Third Circuit case that expressly addresses whether the Lauro rule survived promulgation of Rule 37, we note that in the Third Circuit's Loughman case, the plaintiff was permitted to recover post-judgment interest during pendency of the appeal even though it had appealed aspects of the judgment. Furthermore, the court made no mention of any rule prohibiting such a recovery. See Loughman, 6 F.3d at 93, 99. We therefore believe it is reasonable to conclude that, if the Third Circuit were confronted with Coinco's argument, it would, like the Second Circuit, hold that Rule 37 abrogated the old common-law rule.

Second, Coinco argues that we should deny Mars's motion to recall this court's mandate as untimely. Our mandate issued on July 7, 2008, and Mars did not file its motion until January 21, 2009—more than six months later. Other circuits have cautioned that motions to recall a mandate for noncompliance with Rule 37(b) must be made "expeditiously," else they are waived. See, e.g., Planned Parenthood, 518 F.3d at 1022. However, we have taken a more lenient view and allowed an argument based on Rule 37(b) to go forward on appeal even when "neither side pointed out our

oversight when it occurred" by requesting recall of the mandate, and instead erroneously made post-judgment interest arguments to the district court on remand. Tronzo, 318 F.3d at 1381. Moreover, the six-month delay in this case is at least in part attributable to ongoing negotiations between the parties while Coinco unsuccessfully petitioned for certiorari. Thus, Mars is not solely at fault for the delay. In these circumstances, we conclude that Mars's motion is timely.

For the foregoing reasons, we grant Mars's motion.

Accordingly,

IT IS ORDERED THAT:

(1)     This court's mandate in this matter issued on July 7, 2008 is recalled.

(2)     The district court shall conduct further proceedings as necessary and enter judgment in accordance with this court's opinion issued on June 2, 2008.

(3)     The district court shall award post-judgment interest on the damages determined on remand at the statutory rate of 4.86% from May 22, 2007.

(4)     Any party seeking panel rehearing or rehearing en banc of this Order must file a petition within seven calendar days of the date of this Order.

(5)     Pursuant to Federal Rule of Appellate Procedure 41, a new mandate in this matter shall issue within two business days after the time to file a petition for rehearing expires, or two business days after entry of an order denying a timely petition for panel rehearing, petition for rehearing en banc, or motion for stay of mandate, whichever is later. The mandate shall consist of a certified copy of the judgment entered on June 2, 2008, this court's opinion issued on June 2, 2008, and this Order.

FOR THE COURT


March 9, 2009                                         /s/ Jan Horbaly
Date                                                  Jan Horbaly, Clerk


cc:    Kenneth J. Mallin, Esq.
       John B. Pegram, Esq.